**ALLIED AIR FREIGHT, INC., Plaintiff,**
and
**Allied Air Freight International Corp.,**
**Plaintiff-Appellant,**

v.

**PAN AMERICAN WORLD AIRWAYS,**
**INC., Defendant-Appellee.**

**No. 126, Docket 31043.**

United States Court of Appeals
Second Circuit.

Argued Nov. 24, 1967.

Decided April 25, 1968.

Milton Horowitz, New York City, for plaintiff-appellant.

Fowler Hamilton, New York City (Cleary, Gottlieb, Steen & Hamilton, New York City and George Weisz, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, KAUFMAN and FEINBERG, Circuit Judges.

LUMBARD, Chief Judge:

The question which appellant seeks to raise is whether or not the district court erred in applying the doctrine of primary jurisdiction to plaintiffs' civil antitrust suit and staying the action until plaintiffs exhausted available administrative remedies before the Civil Aeronautics Board. Before reaching this question, we must clear away considerable procedural underbrush, the net result being that, in the interests of efficient judicial administration, we conclude that we should review the interlocutory stay order on this appeal from a final order dismissing the action without prejudice for lack of prosecution. Since appellant only seeks damages for past actions by appellee which are not "arguably lawful" under the administrative scheme, the stay is vacated and the case is remanded for further proceedings in the district court.

Allied Air Freight, Inc. and Allied Air Freight International Corp.,[1] were engaged in the business of air freight forwarding. Defendant Pan American is an air carrier which, *inter alia*, operates an air freight service between New York and Puerto Rico. The complaint claims that Pan American entered into a conspiracy in restraint of trade with Add Airfreight Corp., an air freight forwarding company, for the purpose of securing for Add a monopoly in the air freight forwarding business between New York and Puerto Rico.

Allied charges that in furtherance of this conspiracy Pan American denied airplane space to shipments consolidated by plaintiffs and gave undue preference to shipments consolidated by Add. Allegedly this practice ceased only after "informal intervention" by Civil Aeronautics Board personnel in response to Allied's complaint. In addition, it was alleged that Pan American and Add solicited Allied's customers in Puerto Rico and that Pan American, in an attempt to take away Allied's business, warned shippers that freight handled by Allied "would not move," while Add shipments would move "with top priority."

The conspiracy allegedly ended when Add entered into an arrangement with one of Pan American's competitors. After that, Pan American allegedly continued to attempt to destroy Allied's business by impairing its credit.

Pan American moved to dismiss or stay the action on March 10, 1964 on the ground that primary jurisdiction of the matter was vested in the Civil Aeronautics Board under the Federal Aviation Act of 1958. On May 22, 1964, Judge Palmieri granted a stay "until the plaintiff exhausts its available remedies before the Civil Aeronautics Board."

On June 2, 1964, Allied's request for a certificate for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) was denied by Judge Palmieri. Nonetheless plaintiffs filed a notice of appeal. On June 19 Allied moved for reargument before Judge Palmieri. After reargument the court filed an opinion adhering to its decision. We dismiss plaintiffs' appeal in January 1965 for lack of jurisdiction and a petition for mandamus was denied as an inappropriate attempt to obtain review of an unappealable order. Allied Air Freight, Inc. v. Pan American World Airways, Inc., 340 F.2d 160 (2d Cir.), cert. denied, 381 U.S. 924, 85 S.Ct. 1560, 14 L.Ed.2d 683 (1965).

On June 8, 1966, the action appeared on the Review Calendar of the District Court pursuant to General Rule 23 of the Southern District. Judge McGohey issued an order from the bench providing that unless Allied filed a note of issue for trial, took other action to obtain a determination of the action or sought an extension of time within 90 days the action would be dismissed for want of prosecution. Thereafter, Judge Sugarman, *sua sponte*, signed an order on September 26, 1966, dismissing the action without prejudice.

---

1. Throughout the proceedings plaintiffs have been referred to collectively as "Allied." They had common ownership, officers, administration and operations. Only Allied Air Freight International Corp. has appealed.

Allied Air Freight, Inc. was adjudicated bankrupt in July 1964 by the United States District Court for New Jersey, and has not appealed. The bankrupt estate was closed and assets were distributed soon after issuance of the 90-day order of Judge McGohey. Pan American offered to stipulate for a vacatur of the dismissal order and restoration of the cause to the status quo ante as a pending action stayed by the order of June 1, 1964 on the condition that the appeal be withdrawn if the application for restoration were granted. Allied declined this offer, stating that it desired to obtain review of the stay order on its merits.

Pan American does not challenge the Court's jurisdiction to hear any aspect of the appeal. Indeed the parties are agreed that appellant is entitled to some relief. The points upon which they differ are the nature of the relief to be granted and the extent to which the Court should review the proceedings below at this time.

Pan American's theory is that since it was in Allied's power to avoid the final order from which this appeal was taken, and since Allied does not deny that the reason that no action was taken to avoid dismissal under the 90-day order was to obtain review of the interlocutory order granting the stay, which appellant had failed to obtain by direct appeal from the order or by mandamus, we should decline to rule on the stay order "in the interest of the orderly administration of justice." We are warned that to consider the merits of this interlocutory order in this case would encourage all would-be appellants from interlocutory orders to do nothing, procure a dismissal, which under the present practice in the Southern District is likely to be

without prejudice,[2] which could then be appealed to this Court for review of the interlocutory order.

Even though appellant could have averted dismissal of the action by seeking an extension during the 90-day period or applying to the CAB in order to exhaust administrative remedies, the dismissal is not a voluntary dismissal from which there is no appeal. United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); Ruff v. Gay, 67 F.2d 684 (5th Cir. 1933), aff'd 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099 (1934).

Appellee seeks to distinguish these cases because the appeals were from dismissals on the merits, while this appeal is from a dismissal without prejudice. We do not believe that this distinction should control: dismissals with and without prejudice are equally appealable as final orders. United States v. Wallace & Tiernan Co., 336 U.S. 793, 794, 69 S.Ct. 824, 93 L.Ed. 1042 (1949); Noonan v. Cunard Steamship Co., 375 F.2d 69 (2d Cir. 1967). Whether or not to dismiss on the merits is within the discretion of the district court. Link v. Wabash Railroad Co., 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The nature of relief granted at the trial court's discretion does not determine whether or not a final order is appealable, although it may be a determining factor in the disposition of the appeal. Since all interlocutory orders and decrees are merged into the final order of the district court, see 6 Moore, Federal Practice, pars. 54.12 [1], 54.09 (2d ed. 1966), they may be reviewed on the appeal. Davenport v. Procter & Gamble Mfg. Co., 241 F.2d

2. It may be a better practice for the district court routinely to order that dismissals for failure to prosecute be with prejudice, unless plaintiff makes a showing to the calendar judge that the dismissal should be without prejudice. See Fed.R.Civ.P. 41(a). Link v. Wabash Railroad Co., 370 U.S. 626, 629–633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). West v. Gilbert, 361 F.2d 314 (2d Cir. 1966).

Under General Rule 23 of the Southern District, plaintiff has at least 15 days to prepare to make a showing that the case ought not to be dismissed, or ought not to be dismissed with prejudice. Even if plaintiff fails to make the showing, dismissal with prejudice for failure to prosecute may be remedied in appropriate cases through resort to Fed.R.Civ.P. 60(b). Link v. Wabash Railroad Co., supra.

511, 513, 63 A.L.R.2d 1350 (2d Cir. 1957).

Pan American contends that even though the court may review the stay order as well as the dismissal order, we should merely vacate the dismissal order and restore matters to where they were before Judge McGohey issued the 90-day order. Pan American urges that Judge Sugarman, acting upon Judge McGohey's order of June 8, 1966, could not have known of the stay issued by Judge Palmieri, and that if the court below had known of the stay, the dismissal order would not have issued.

We do not find this argument convincing. The 90-day order permitted appellant to "take other action to obtain a determination of the above entitled action * * *." or apply for an extension prior to the expiration of the 90 days, supported by an affidavit showing "the reason why additional time is needed" in lieu of filing a note of issue. Because of the stay order, appellant was precluded from proceeding with the action in the district court "until plaintiffs exhaust their available remedies before the Civil Aeronautics Board." However, Allied could have complied with both the 90-day order and the stay by commencing a proceeding before the CAB and informing the court that it was proceeding to exhaust administrative remedies.

Allied contends that Judge McGohey was informed at oral argument on the calendar call that the case had been stayed pending exhaustion of administrative remedies, and Pan American does not dispute this contention. But whether or not the calendar judge knew that an order had been issued making exhaustion of administrative remedies a condition precedent to prosecution of the action in the district court, an order dismissing the action unless plaintiffs filed an affidavit showing reasons why a note of issue could not be filed within 90 days certainly is not an abuse of the district court's discretion in dealing with an action which had been dormant for over two years. If the order granting the stay was a proper order, it was equally proper to require appellant to satisfy the terms of the stay in order to proceed with the action or face dismissal for failure to prosecute, and to dismiss the action *sua sponte* when appellant failed to take any action.

■ The only possibility of error that we see in the issuance of the 90-day order and the dismissal under its terms was that requiring exhaustion of available administrative remedies as a condition precedent to further action in the district court, in accordance with the terms of the stay, was an erroneous application of the doctrine of primary jurisdiction which imposed an undue burden upon Allied. Therefore we consider the merits of appellant's argument that the district court erred in issuing the interlocutory stay order.

We find that since plaintiffs only seek the remedy of damages, which the administrative agency is not empowered to give, and since determination of the issues in this action by the court will have no effect on the future conduct of the parties and will not impinge upon the agency's ability to promote a uniform scheme of regulation by approving or disapproving of similar agreements in the future, it was inappropriate and not in the interests of efficient administration of justice to compel plaintiffs to make the futile gesture of undertaking administrative proceedings.

■ All parties to this action concededly are "air carriers" within the terms of Section 101 of the Federal Aviation Act of 1958, 49 U.S.C. § 1301(3), subject to the comprehensive scheme for regulation of the air transport industry embodied in the Federal Aviation Act, and administered by the CAB in accordance with the policies set forth in § 102 of the Act, 49 U.S.C. § 1302. The parties agree that § 412 of the Act, 49 U.S.C. § 1382, requires filing with the Board of every agreement or contract affecting air transportation, including oral agreements. Apgar Travel Agency v. Inter-

national Air Transport Association, 107 F.Supp. 706, 710 (SDNY 1952); Trans Continental & Western Air, Inc.—Delta Airlines, Inc., Interchange of Equipment, 8 CAB 857 (1947). It is clear that an order of the Board approving an agreement submitted to it under § 412 will exempt any persons affected by the Board's order from liability under the antitrust laws insofar as may be necessary to comply with the order. § 414, 49 U.S.C. § 1384. McManus v. Lake Central Airlines, Inc., 327 F.2d 212 (2d Cir.), cert. denied, 377 U.S. 943, 84 S. Ct. 1350, 12 L.Ed.2d 307 (1964). It is also clear that the Board may, on its own motion or on the complaint of an air carrier, investigate whether any air carrier "is engaged in unfair or deceptive practices or unfair methods of competition in air transportation * *." and it is empowered to order an air carrier to cease and desist from such practices or methods of competition. § 411, 49 U.S.C. § 1381.

Pan American contends that this pattern of regulation requires that initial determination of the propriety of the alleged agreement be made by the Board, citing Pan American World Airways, Inc. v. United States, 371 U.S. 296, 83 S.Ct. 476, 9 L.Ed.2d 325 (1963); S. S. W., Inc. v. Air Transport Association of America, 89 U.S.App.D.C. 273, 191 F.2d 658 (1951), cert. denied, 343 U.S. 955, 72 S.Ct. 1049, 96 L.Ed. 1355 (1952) and Apgar Travel Agency v. International Air Transportation Association, supra. Allied concedes that if the complaint did not allege that the agreement had terminated,[3] the Board would have primary jurisdiction and no antitrust suit could proceed until the Board issued an order approving or disapproving the agreement.

However, Allied contends, and we agree, that this case is distinguishable from those where the doctrine of primary jurisdiction has been applied to antitrust actions brought against air carriers because plaintiffs did not seek injunctive relief and it is conceded that the alleged agreement is no longer in effect.

In S. S. W., Inc. v. Air Transport Association, supra, plaintiff alleged that an association of scheduled air carriers conspired against nonscheduled airlines in violation of the antitrust laws. Plaintiff sought both an injunction and treble damages. The court found that the Civil Aeronautics Act (predecessor to the Federal Aviation Act) superseded the antitrust laws in the regulated industry only to the extent that the regulatory scheme was repugnant to the antitrust laws. Nevertheless, following the reasoning of United States Navigation Co. v. Cunard S.S. Co., 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408 (1932), the court stayed the action pending approval or disapproval of the alleged agreement, even though it had never been filed with the Board. 191 F.2d at 662–663.

In Apgar Travel Agency v. International Air Transportation Association, supra, plaintiff charged that the scheduled airlines conspired to restrain sales of tickets by plaintiff for non-scheduled airlines by boycotting it. It sought both an injunction and damages. The district court followed the S. S. W. case and stayed the action pending an administrative determination of the validity of the agreement under the Civil Aeronautics Act, although the alleged agreement had never been filed with the Board. The

---

3. While paragraphs 30 et seq. of plaintiffs' complaint alleged that defendant had continued a course of conduct calculated to destroy plaintiffs' credit up to the moment of filing of the complaint, on motion for rehearing before Judge Palmieri plaintiffs announced that they would amend their complaint to delete these paragraphs and limit themselves to causes of action based upon the agreement between Pan American and Add Airfreight which allegedly had terminated. Plaintiffs may amend the complaint without leave pursuant to Fed.R.Civ.P. 15(a). Therefore, for purposes of this appeal, we assume that Allied will so amend its complaint and that the amended complaint will relate exclusively to transactions and occurrences which terminated prior to the time that the complaint was filed.

court relied on the Supreme Court's decisions in the Cunard case and Far East Conference v. United States, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576 (1952), which it believed gave the Board primary jurisdiction even if the agreement was unlawful on its face.

On the authority of *Cunard* and *Far East* the courts have been justifiably reluctant to grant injunctive relief and damages against air carriers who were subject to a scheme of regulation of shipping. However, the Supreme Court's decision in Carnation Co. v. Pacific Westbound Conference, 383 U.S. 213, 86 S.Ct. 781, 15 L.Ed.2d 709 (1966), has made it clear that the reasoning of *Cunard* and *Far East* does not apply when plaintiff only seeks damages for injuries caused by an agreement that is not "arguably lawful" under the administrative exemption from the antitrust laws.

The *Cunard* case was an appeal from dismissal of an antitrust suit seeking to enjoin practices of a shipping conference allegedly designed to force shippers to deal exclusively with the defendants and refrain from shipping by vessels of plaintiff. The district court had held that the matters complained of were within the exclusive jurisdiction of Shipping Board. In affirming Mr. Justice Sutherland wrote:

"A comparison of the enumeration of wrongs charged in the bill with the provisions of the sections of the Shipping Act above outlined conclusively shows, without going into detail, that the allegations either constitute direct and basic charges of violations of these provisions or are so interrelated with such charges as to be in effect a component part of them, and the remedy is that afforded by the Shipping Act, which to that extent supersedes the anti-trust laws. Compare Keogh v. Chicago & N. W. Ry. Co. [260 U.S. 156, 162, 43 S.Ct. 47, 49, 67 L.Ed. 183]. The matter, therefore, is within the exclusive preliminary jurisdiction of the Shipping Board." 284 U.S. at 485, 52 S.Ct. at 250.

In *Far East*, the Supreme Court extended the same doctrine to a case where the Government sought the antitrust remedy of injunction. "We see no reason to depart from United States Navigation Co. v. Cunard Steamship Co., 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408. That case answers our problem." 342 U.S. at 573, 72 S.Ct. at 493. However, in Carnation Co. v. Pacific Westbound Conference, 383 U.S. 213, 86 S.Ct. 781, 15 L.Ed.2d 709 (1966) the Court stated that the doctrine of *Cunard* and *Far East* does not apply when plaintiff only seeks treble damages for past and completed conduct not arguably lawful under the administrative scheme:

"The award of treble damages for past and completed conduct which clearly violated the Shipping Act would certainly not interfere with any future action of the Commission. Although the Commission can approve prospective operations under agreements which have been implemented without approval, respondents concede that the Commission has no power to validate pre-approval implementation of such agreements. Therefore, the Far East and Cunard principles only preclude courts from awarding treble damages when the defendants' conduct is arguably lawful under the Shipping Act." 383 U.S. at 222, 86 S.Ct. at 787.

In *Carnation*, plaintiff sought treble damages only. It alleged that rate increases charged by members of the conference were not approved by the Commission and therefore were not exempt from the antitrust laws. The *Far East* and *Cunard* cases were distinguished because the relief that had been sought was injunctive and would have interfered with the Commission's power under the regulatory scheme of the Shipping Act to grant future immunity from antitrust sanctions by approving an agreement. The antitrust action in *Carnation* was stayed because the Court found that defendants' conduct was arguably lawful, since they contended that the Commission had approved their rate increase by implication. 383 U.S. at 220, 86 S.Ct.

781. Therefore the Commission had to determine whether or not it had approved the agreement.

The case before us is in all respects analogous to the *Carnation* case except that the alleged agreement concededly has not been passed upon by the CAB. Without CAB approval actions pursuant to an agreement are not immune from the antitrust laws. Carnation Co. v. Pacific Westbound Conference, 383 U.S. at 216–218, 86 S.Ct. 781, 15 L. Ed.2d 709; United States v. Borden Co., 308 U.S. 188, 201, 60 S.Ct. 182, 84 L.Ed. 181 (1939); S. S. W. Inc. v. Air Transport Association of America, 89 U.S.App. D.C. 273, 191 F.2d at 655 (Judge Clark concurring). Accord, River Plate & Brazil Conferences v. Pressed Steel Car Co., 227 F.2d 60, 63 (2d Cir. 1955). Since defendant's conduct is not arguably lawful under the Federal Aviation Act and plaintiff does not seek injunctive relief, we see no reason why the antitrust action should not proceed. See Carnation Co. v. Pacific Westbound Conference, 383 U.S. at 226, 86 S.Ct. 781, 15 L.Ed.2d 709; Federal Maritime Board v. Isbrandtsen Co., 356 U.S. 481, 519, 78 S. Ct. 851, 2 L.Ed.2d 926 (1958) (Frankfurter, J., dissenting); Slick Airways, Inc. v. American Airlines, Inc., 107 F. Supp. 199 (D.N.J.1952), on rehearing, 107 F.Supp. 216–217, appeal dismissed sub nom. American Airlines, Inc. v. Forman, 204 F.2d 230 (3rd Cir.), cert. denied, 346 U.S. 806, 74 S.Ct. 54, 98 L. Ed. 336 (1953).

Pan American World Airways, Inc. v. United States, 371 U.S. 296, 83 S.Ct. 476, 9 L.Ed.2d 325 (1963) does not compel any different result. In that civil antitrust action by the government to obtain injunctive relief, the court held that the CAB could give full relief under its § 411 power to issue cease and desist orders or approve the status quo and immunize defendants under § 412 from an injunction under the antitrust laws. The Court did not see how the antitrust issues could be decided without passing upon division of territories, allocation of routes, and affiliation between common carriers and air carrier which, under the regulatory scheme of the Aviation Act, are all questions peculiarly for Board decision. However the Court was careful not to foreclose the possibility that antitrust actions could be brought without prior resort to the Board. 371 U.S. at 304–305, 312, 83 S.Ct. 476. See Trans World Airlines Inc. v. Hughes, 332 F.2d 602, 609 (2d Cir. 1964), cert. dismissed, 380 U.S. 248, 85 S.Ct. 934, 13 L.Ed.2d 817 (1965).

In this case the Board is unable to give the relief which appellant seeks. It has no power to award damages for unfair competitive practices. Apgar Travel Agency v. International Air Transport Association, 107 F.Supp. at 711; Slick Airways, Inc. v. American Airlines, Inc., 107 F.Supp. at 211 (D.N.J.1952). In deciding whether or not an alleged unfiled agreement no longer in force violated the antitrust laws, the district court would not be interfering with the Board's power to immunize this or similar agreements in the future under the criteria of § 102 of the Federal Aviation Act, or to issue a cease and desist order under § 411, as the relief asked would not have prospective applicability. This is not a case where the past is a prologue to present problems. See Pan American World Airways, Inc. v. United States, 371 U.S. at 310, 83 S.Ct. 476, 9 L.Ed.2d 325. The allegations of the complaint relate to actions that have been completed. Here one plaintiff is bankrupt, the other insolvent and neither is in operation.

Our decision in Maddock & Miller, Inc. v. United States Lines, 365 F.2d 98 (2d Cir. 1966) does not require a different result. That case involved a complaint that asserted three independent causes of action. The third count alleged that United States Lines had received an illegal rebate in violation of the Shipping Act. Although we found that decision of the two antitrust counts by the district court would not seem to interfere with the Commission's exercise of its powers, the action was nonetheless stayed to permit the Commission to consider in

the first instance whether or not the agreement in question constituted a rebate, in order to take advantage of the Commission's special ability to handle this factual issue, common to all counts.

In this case two causes of action are pleaded. The first relates to violation of the Sherman and Clayton Acts. The second is a tort action for single damages arising out of alleged violations of § 404 of the Federal Aviation Act by appellee's discriminating against appellant. In Fitzgerald v. Pan American World Airways, 229 F.2d 499 (2d Cir. 1956) we held that the Board does not have primary jurisdiction over damage actions for past discrimination in violation of § 404. There is no cause of action under the Federal Aviation Act which must be referred to the Board for determination.

■ The doctrine of primary jurisdiction is invoked by the courts in order to achieve uniformity of result, and obtain the benefits of administrative expertise. Far East Conference v. United States, 342 U.S. at 574–575, 72 S.Ct. 492, 96 L.Ed. 576; Terminal Warehouse Co. v. Pennsylvania Railroad, 297 U.S. 500, 513, 56 S.Ct. 546, 80 L.Ed. 827 (1936); Texas & Pacific Railway v. Abilene Cotton Oil Co., 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553 (1907). As Judge Clark said in C.A.B. v. Modern Air Transport, 2 Cir., 179 F.2d 622, "[T]he outstanding feature of the doctrine is properly said to be its flexibility permitting the courts to make a workable allocation of business between themselves and the agencies." 179 F.2d at 625. In this case there is no need to seek uniformity, and the Board has no special abilities which it could bring to bear on the problems which must be resolved in deciding appellant's claim on its merits. See Trans World Airlines, Inc. v. Hughes, 332 F.2d at 609; Slick Airways, Inc. v. American Airlines, Inc., 107 F.Supp. at 212 on rehearing, 107 F.Supp. at 216–217.

The dismissal is reversed, the stay is vacated and the action is remanded to the district court for further proceedings.