967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HOTEL EMPLOYEES, RESTAURANT EMPLOYEES UNION, LOCAL 878,
AFL-CIO, Plaintiff-Appellant,
v.
Don CULLOP and Phyllis Cullop, d/b/a Harbor Inn, Defendants-Appellees.
 No. 90-35854.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted August 21, 1991.
Decided June 24, 1992.
 
 Before TANG, REINHARDT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The plaintiff union attempted to obtain review of the district court's order staying proceedings. The stay was issued for the purpose of encouraging the parties to return to arbitration. Believing that the stay was erroneously issued and that a procedural vehicle existed for direct review of the stay order, the union successfully invited a final dismissal of the action, and then appealed that dismissal. We find that, under the rule established in Coursen v. A.H. Robins Co., 764 F.2d 1329 (9th Cir.), amended, 773 F.2d 1049 (9th Cir.1985), the union was incorrect; we do not have jurisdiction to review the stay order. See id. at 1342-43. Although there is a limited exception to the final judgment rule for certain types of interlocutory orders, see, e.g., United States v. Procter & Gamble Co., 356 U.S. 677, 680-81 (1958), that exception is not applicable in this case. The order is in substance an order inviting the parties to return to arbitration. The interest in preventing piecemeal litigation that is embodied in the final judgment rule is strongest when interlocutory orders that stay proceedings in favor of arbitration are at issue. As we have noted on several occasions, even arbitration induced in error is preferable to litigation. See, e.g., Camping Constr. Co. v. District Council of Iron Workers, 915 F.2d 1333, 1349 (9th Cir.1990), cert. denied, 111 S.Ct. 1684, 2260 (1991). For this reason, we will not reach the merits of the district court's interlocutory order. Instead, we vacate the district court's final judgment of dismissal and return the parties to the position they were in prior to the union's attempt to obtain review of the stay. See Coursen, 764 F.2d at 1343. Accordingly, the judgment of dismissal is vacated and the case remanded to the district court for further proceedings in conformity with this disposition.
 
 
 3
 VACATED AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 4
 REINHARDT, Circuit Judge, concurring in the judgment.
 
 
 5
 I respectfully must decline to join the majority's disposition. I believe that we have jurisdiction to review the stay order. The union sought to enforce an arbitration award; the district court erroneously refused to enforce it. A district court's refusal to enforce an arbitration award is a particularly appropriate subject for review. Cf. Allied Air Freight, Inc. v. Pan American World Airways, Inc., 393 F.2d 441, 443-44 (2d Cir.), cert. denied, 393 U.S. 846 (1968).
 
 
 6
 Although for jurisdictional reasons my colleagues do not reach the merits, I note that the law in this court is clear: The district court's stay order is unquestionably in error. Both the Supreme Court and our court have repeatedly held that the termination of a collective bargaining agreement is irrelevant to an arbitrator's award of backpay and reinstatement. See, e.g., United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 595 (1960); ILWU Local 142 v. Land & Constr. Co., 498 F.2d 201, 204 (9th Cir.1974). Thus the doubt over the date of termination, which caused the district court to suggest a further arbitration, is of no legal significance. The arbitrator's decision must be enforced regardless of the date on which termination occurred. The question of the termination date and its effect upon the requested award was one for the arbitrator--to the extent that question was relevant we must presume he decided it, whether or not his decision expressly mentions the question. See 363 U.S. at 595. In short, the arbitrator issued the award he concluded was appropriate either in light of or regardless of the termination date--it does not matter which; there was neither ambiguity nor error involved in the arbitrator's decision; accordingly, the district court should have ordered compliance with the award. See Stead Motors v. Automotive Machinists Lodge No. 1173, 886 F.2d 1200, 1206 (9th Cir.1989) (en banc) (plurality). Under these circumstances, there is no justification for withholding enforcement pending further arbitration proceedings. Therefore, I would reverse the district court's stay order and remand with instructions to enforce the arbitration award. I would note that nothing in the majority disposition limits the district judge's authority to reconsider his stay order and confirm the arbitrator's award without further proceedings. On remand that would be the appropriate course for him to follow.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided for by 9th Cir.R. 21