Remmy G. YOBO, Plaintiff–Appellant,

v.

NEW YORK STATE FACILITIES DE-VELOPMENT CORPORATION, Dormitory Authority of the State of New York, John L. Buono, Individually and as Executive Director of the Dormitory Authority of the State of New York, and Pasquale Cinelli, Individually and as Director of Design and Construction Upstate of the New York State Facilities Development Corporation and as Chief Project Manager of the Dormitory Authority of the State of New York, Defendants–Appellees.

No. 00–9445.

United States Court of Appeals, Second Circuit.

June 26, 2001.

Valerie A. Hawkins, Hempstead, NY, for appellant.

Beth A. Bourassa, Whiteman Osterman & Hanna, Albany, NY, for appellees New York State Facilities Development Corporation and Dormitory Authority of the State of New York.

Frank Walsh, Assistant Solicitor General; Nancy A. Spiegel, Assistant Solicitor General, of counsel; Eliot Spitzer, Attorney General of the State of New York, on the brief, Albany, NY, for appellees John L. Buono and Pasquale Cinelli.

Present CABRANES, STRAUB and SACK, Circuit Judges.

Plaintiff Remmy Yobo brought this action in the District Court, alleging that defendants discriminated and retaliated against him on the basis of his race and national origin, in violation of 42 U.S.C. §§ 1981 and 1983 and New York's Human Rights Law, N.Y. Exec. Law § 296. In an order dated May 24, 1999, the District Court dismissed plaintiff's claims that related to events occurring before July 31, 1995 for untimeliness.

On June 18, 1999, plaintiff moved to amend his complaint to include a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.;* however, in a July 29, 1999 order, the District Court denied the motion on the basis that any amendment would be futile. Specifically, the District Court held that, even if it were to permit plaintiff to amend his complaint, the Title VII claim would be untimely because plaintiff had not filed a charge with the EEOC, as required, within 300 days of the alleged violation of Title VII.

By letter dated August 2, 1999, plaintiff's counsel requested the District Court to reconsider its decision, but the District Court denied the request. Moreover, the District Court imposed a monetary sanction of $500 on plaintiff's counsel for filing the request by letter, rather than by for-

mal motion as required by the District Court's Local Rules of Practice.

On September 29, 2000, the District Court granted defendants' motion for summary judgment and dismissed all of plaintiff's remaining claims. A final judgment was entered on the same day.

Plaintiff filed a timely notice of appeal from this judgment and from each order on which that judgment was based. On appeal, plaintiff challenges the District Court's decision to (1) deny his motion to amend his complaint, (2) deny his request to reconsider this denial, and (3) impose sanctions on his counsel.

As a preliminary matter, we consider defendants' argument that we lack appellate jurisdiction to review the first two challenges. Defendant argues that we lack jurisdiction over these matters because plaintiff did not challenge the District Court's grant of summary judgment and, therefore, did not appeal a final judgment within the meaning of 28 U.S.C. § 1291. This claim is without merit.

█ As we have explained, "[w]hen a district court enters a final judgment in a case, interlocutory orders rendered in the case typically merge with the judgment for purposes of appellate review." *Shannon v. General Elec. Co.*, 186 F.3d 186, 192 (2d Cir.1999). Once a party appeals a final judgment, therefore, all interlocutory orders and decrees may be reviewed on appeal. *See Allied Air Freight, Inc. v. Pan Am. World Airways, Inc.*, 393 F.2d 441, 444 (2d Cir.1968). A party does not abandon its appeal of an interlocutory order simply because it chooses not to challenge other parts of a district court's judgment. Accordingly, we hold that we have appellate jurisdiction to review both the District Court's order denying plaintiff's motion to amend the complaint, and its order denying reconsideration of that decision.

█ Upon a review of these orders, however, we find in them no basis for reversal. Title VII requires a plaintiff to file a charge of discrimination with the EEOC within 300 days of the alleged act of discrimination. *See* 42 U.S.C. § 2000e–5(e)(1). Both parties agree that the 300 day period begins on the date that a plaintiff knew or should have known of the alleged act of discrimination. In the case at hand, plaintiff's pleadings support a finding that he knew or should have known about defendants' alleged discriminatory act on April 13, 1992, when plaintiff was given a document indicating that his transfer was "permanent." Plaintiff also admits that he filed a charge of discrimination with the EEOC no earlier than February 18, 1993, more than 300 days later. Accordingly, there is adequate evidence in the record to indicate that plaintiff's Title VII claim would have been futile, and the District Court did not abuse its discretion in denying plaintiff's motion on this basis. *See Grace v. Rosenstock*, 228 F.3d 40, 54 (2d Cir.2000) ("[A] district court's denial of leave to amend is reviewed only for abuse of discretion."), *cert. denied,* —— U.S. ——, 121 S.Ct. 1362, 149 L.Ed.2d 290 (2001).

█ The District Court also was well within its discretion in denying plaintiff's motion for reconsideration. *See Devlin v. Transportation Communications Int'l Union*, 175 F.3d 121, 132 (2d Cir.1999) (stating that the standard of review for denial of a motion for reconsideration is abuse of discretion). Plaintiff sought reconsideration on the basis of a supplemental affidavit in which he essentially claims that he learned of the alleged discriminatory act in June 1992, which is within 300 days of the date he filed with the EEOC. Yet, there is adequate evidence in the record that plaintiff knew or should have known that the alleged discriminatory act occurred on April 13, 1992, more than 300 days prior to

the filing of his administrative complaint. Accordingly, the District Court did not abuse its discretion in denying plaintiff's motion for reconsideration.*

■ As a final matter, this appeal purports to challenge the District Court's decision to impose sanctions on plaintiff's attorney. Because no separate notice of appeal was filed on behalf of counsel and the notice of appeal filed on behalf of plaintiff does not indicate counsel's intent to participate in the appeal as a party, we lack jurisdiction to entertain this challenge. *See* FED.R.APP.P. 3(c); *Agee v. Paramount Communications, Inc.*, 114 F.3d 395, 399–400 (2d Cir.1997).

We have considered all of plaintiff's arguments and find them without merit. Accordingly, plaintiff's appeal is DISMISSED insofar as it seeks review of the District Court's decision to impose sanctions on plaintiff's counsel, and the judgment of the District Court is AFFIRMED in all other respects.

---

* Plaintiff also argues on appeal that the District Court should have permitted him to amend his complaint on the basis of estoppel and equitable tolling. According to plaintiff, defendants actively concealed information regarding the alleged discriminatory act, and misled plaintiff regarding his right to file a charge of discrimination. Plaintiff argues that this conduct should estop defendants from raising a defense of untimeliness. Moreover, plaintiff claims that the 300–day filing requirement should be equitably tolled because he made a diligent effort to pursue his rights with the EEOC, and because the EEOC allegedly made a mistake in failing to issue a right-to-sue letter.

We decline to address the merits of plaintiff's estoppel claim, because it was not raised prior to the District Court's July 29, 1999 order, and because plaintiff has presented no convincing argument as to why he was unable to raise the claim earlier. *Cf. Gurary v. Winehouse*, 190 F.3d 37, 44 (2d Cir.1999) ("Having failed to make the present argument to the district court, plaintiff will not be heard to advance it here."). Moreover, we find no basis to conclude that the District Court should have permitted plaintiff to amend his complaint on the basis of equitable tolling, because the EEOC's conduct had no bearing on the plaintiff's ability to file a claim with the EEOC within the required 300–day period.