19-1173
*Jamarr Fowler v. City of New York*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand twenty.

**PRESENT:**
> **PIERRE N. LEVAL,**
> **PETER W. HALL,**
> **GERARD E. LYNCH,**
> *Circuit Judges.*

_____

JAMARR FOWLER,

> *Plaintiff-Appellant*,

> v.                                                                                          19-1173

CITY OF NEW YORK,

*Defendant-Appellee,*

NEW YORK CITY DEPARTMENT OF CORRECTION; NEW YORK CITY CORRECTION OFFICER BACCORTTE, NEW YORK CITY CORRECTION OFFICER SMITH, NEW YORK CITY CORRECTION OFFICER HARRIS, NEW YORK CITY CORRECTION OFFICER PHILLIP, NEW YORK CITY CORRECTION OFFICER PRESLEY, NEW YORK CITY CORRECTION OFFICER DUNBAR, NEW YORK CITY CORRECTION OFFICER BLASSINGAME, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES,

*Defendants.\**

_____

| | |
|---|---|
| Appearing for Plaintiff-Appellant: | MARLON G. KIRTON, Kirton Law Firm, Hempstead, NY. |
| Appearing for Defendant-Appellee: | SUSAN PAULSON, Assistant Corporation Counsel (Richard P. Dearing and Melanie T. West, Assistant Corporation Counsels, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

---

\* The Clerk of Court is respectfully directed to amend the caption to conform to the above.

2

Plaintiff-Appellant Jamarr Fowler appeals from the district court's December 23, 2015 order dismissing Fowler's claims against the individual defendants[1] and the district court's March 27, 2019 final judgment granting summary judgment to Defendant-Appellee City of New York (the "City").

In its December 23, 2015 order, the district court granted the defendants' motion to dismiss all claims against the individual defendants for failure to serve process pursuant to Federal Rule of Civil Procedure 4(m) and dismissed those claims with prejudice. *See* Fed. R. Civ. P. 4(m). The court also granted the City's motion for judgment on the pleadings as to some claims against the City and all claims against the New York City Department of Correction (the "DOC"). The court dismissed without prejudice Fowler's *Monell* claim against the City for careless and reckless hiring and retaining, allowing him to amend his complaint solely as to that claim. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

Fowler timely filed an amended complaint against the City. After the close of discovery, the City moved for summary judgment, which the district court

---

[1] Fowler's complaint named seven New York City Department of Correction officers and captains in their individual and official capacities: Correction Officer ("C.O.") Baccortte, C.O. Smith, C.O. Harris, C.O. Phillip, Correction Captain ("Captain") Presley, Captain Dunbar, and Captain Blassingame (collectively, the "individual defendants").

3

granted in a March 26, 2019 memorandum and order that closed the case. The

Clerk of Court entered a judgment for the City the following day. Fowler

appeals.[2]

On appeal, Fowler challenges only the district court's denial of his request

for an extension of time to comply with Rule 4(m) of the Federal Rules of Civil

Procedure and its dismissal of Fowler's claims against the individual defendants

---

[2] We note that Fowler's notice of appeal states: "Notice is hereby given that JAMARR FOWLER . . . hereby appeal[s] to the United States Court of Appeals for the Second Circuit (from the final judgment) (from an order (describing it)) entered in this action on the 27th day of March, 2019." When filing a notice of appeal, best practice is to "designate the judgment, order, or part thereof being appealed," Fed. R. App. P. 3(c)(1)(B), and—this should go without saying—the appellant should modify the stock language of Form 1 to comport with the circumstances of the appeal, *see* Fed. R. App. P. Form 1. With this being said, and although Fowler's notice of appeal leaves much to be desired, because "we construe notices of appeal liberally," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995), and "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal," Fed. R. App. P. 3(c)(4), we construe Fowler's notice of appeal to include the December 23, 2015 order dismissing the individual defendants, *see SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 178 (2d Cir. 2000) ("[A] notice of appeal from a final judgment brings up for review all reviewable rulings which produced the judgment . . . ." (internal quotation marks and citations omitted)); *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999) ("When a district court enters a final judgment in a case, interlocutory orders rendered in the case typically merge with the judgment for purposes of appellate review." (citing *Allied Air Freight, Inc. v. Pan Am. World Airways, Inc.*, 393 F.2d 441, 444 (2d Cir.1968); *John's Insulation, Inc. v. L. Addison & Assocs., Inc.*, 156 F.3d 101, 105 (1st Cir.1998); 15A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3905.1, at 250 (2d ed.1991)). We encourage Fowler's counsel, in future proceedings before this Court, to adhere more closely to the "best practices" described above, so as to apprise the Court and any opposing party of what exactly will be challenged on appeal, which, in turn, promotes judicial efficiency.

for failure to timely serve process. As the district court noted, after filing his complaint on April 18, 2013, Fowler failed to obtain signed and sealed summonses from the Clerk of Court, and accordingly did not properly serve the individual defendants by the date of the district court's December 2015 order. Fowler does not dispute that he failed to comply with Rule 4(m), nor does he challenge the district court's conclusion that he failed to present any good cause reason for this failure. Fowler's sole argument on appeal is that the district court abused its discretion by denying his motion for an extension of time to serve the individual defendants.

The version of Rule 4(m) in effect at the time Fowler commenced his action required a plaintiff to serve a summons and complaint on the defendant within 120 days after filing the complaint. *See* Fed. R. Civ. P. 4(m) advisory committee's note to 1993 Amendments. If a defendant was not served within 120 days, the court was required to "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule requires the court to grant an extension for good cause, *id.*, and district courts may also "exercise their discretion to grant extensions under Rule 4(m) absent a showing of good cause under certain circumstances." *Zapata v. City of New York,*

502 F.3d 192, 193 (2d Cir. 2007).   We review a district court's Rule 4(m) dismissal for failure to serve process for an abuse of discretion.   *Id.* at 195.

The district court did not abuse its discretion.   As Fowler admits, he did not even attempt to serve the individual defendants until January 2014—well after the deadline imposed by Rule 4(m).   Because he "not only failed to show good cause [for not complying with the rule] but advanced no colorable excuse whatsoever for his neglect," the district court was well within its discretion to deny his motion for an extension of time and to dismiss his claims against the individual defendants for failure to serve process.   *Id.* at 193; *see also* Fed. R. Civ. P. 4(m); *Tolchin v. Cty. of Nassau*, 768 F. App'x 60, 61–62 (2d Cir. 2019) (affirming the district court's denial of an extension and dismissal under Rule 4(m) where there was no "colorable excuse for the failure to timely serve process," even though the denial of an extension resulted in plaintiff's claims being barred by the statute of limitations).[3]

---

[3]   Although Rule 4(m) directs the district court to dismiss the action "without prejudice," we note that here the district court did not abuse its discretion by dismissing the claims against the individual defendants *with* prejudice because, based on the expiration of the statute of limitations, a dismissal without prejudice was effectively a dismissal with prejudice.

We have considered Fowler's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court