(No. 7199.   March 19, 1945.)

A. E. STILWELL, Appellant, v. WEISER IRON WORKS, INC., a corporation, Respondent.

[157 P. (2d) 86.]

S. T. Lowe and Kales E. Lowe for appellant.

George Donart for respondent.

GIVENS, J.—May 28, 1942, appellant filed a complaint in the Eleventh Judicial District, Cassia County, against respondent, alleging the latter's place of business to be in Weiser, Washington County, in the Seventh Judicial District, asking cancellation of a sale of a dragline and equipment, enforcing a mechanic's lien (evidently under Sec. 44-706, I.C.A., 1935 Sess. Laws, c. 87, p. 152), and to recover claimed resultant damages. June 30, 1942, a demurrer and motion, accompanied by adequate affidavits, were filed, challenging the sufficiency of the complaint, and seeking change of venue to Washington County, which motion was granted November 2, 1942, and the case was transferred and filed in Washington County, December 15, 1942.

No further action of any kind being taken, February 7, 1944, pursuant to a rule of the District Court of the Seventh District,

"At the reading of the calendar at the beginning of each term of court held in each of the Counties of the District, all cases in which no action has been taken or paper filed within a period of one year prior thereto, will be dismissed for failure to prosecute, unless at such times the necessity for passing such cases shall affirmatively be made to appear in open court."

the case was dismissed as shown by the minute entry— "This case dismissed under rule of Court. Attorneys notified."

March 13, 1944, appellant moved to set aside the order of dismissal and reinstate the case, excusing the delay and failure to prosecute because of the difficulties of procuring gasoline and travel, and that appellant was not unmindful of the case nor did he wish to abandon the case or prosecution thereof. No counter-affidavits being filed, after hearing, the motion to reinstate was denied April 29,

1944, and final order responsive thereto entered May 1, 1944, from which the present appeal was taken.

Appellant contends that 1941 Session Laws, c. 90, page 164, vested exclusive power in the Supreme Court to make rules for the district courts, hence the rule, having been established by the district court, not the Supreme Court, is without force or effect. It is unnecessary to determine whether the right or power existed independently of the statute, or was so granted or is exclusive, because until the Supreme Court promulgates rules for the district court, and it has not done so, the district courts have power to make their own rules of procedure. (1-1604, I.C.A.)

"* * * We cannot suppose it was the intention of those who framed or adopted the Constitution, that by the provision cited, the Judges of this and other Courts of Baltimore City would be rendered powerless to act, to try causes, and to administer justice, in case the Supreme Bench neglected to adopt rules for their guidance; or if such rules when adopted failed to meet all possible emergencies, that the Judges should have no power to supply the deficiency, and adopt from time to time such orders and take such measures, not inconsistent with the rules in force, as in their judgment would secure the trial, or final disposition of all cases brought and pending in their respective Courts. * * *" (*Gibbons v. Cherry*, 53 Md. 144 at 148-149.)

"* * * We cannot agree with counsel in this contention. We regard it as one of the inherent powers of a court of record to prescribe rules for the transaction of business before it, providing such rules in no way contravene or are inconsistent with the provisions of the statutes; and while, doubtless, by section 725, the legislature contemplated such action by the justices of the supreme court as would secure uniformity in the practice throughout the state, and while, also, doubtless, any rule prescribed by said justices would supersede and set aside any rule by any district court in respect to the same matter, yet in the absence of any action by the justices of the supreme court, or in respect to any matter in which they have taken no action, we do not doubt the power of the district court to prescribe rules regulating and controlling practice before it. * * *" (*Jones v. Menefee*, 28 Kan. 313 at 314.)

██ The rule though going beyond 7-705, I.C.A., does not conflict therewith. (*Butterfield v. Butterfield* (Cal.), 34 P. (2d) 145.)

The rule was therefore authorized and is valid, *McAllister v. Erickson*, 45 Ida. 211, 261 P. 242, and is necessary and salutary to avoid congestion on the calendar of derelict suits, and the learned trial court was completely justified in dismissing the case.

██ The rule, however, operates on the litigant who may not in any way be responsible for the oversight or inadvertance of counsel, hence the rule, while meritorious and necessary to keep the trial calendar clear and up to date, should be given a construction that will tend to promote decisions upon the merits rather than upon strict formal procedure. (*Southwestern Freight Lines v. Shafer*, (Ariz.), 111 P. (2d) 625; *Pittock v. Pittock*, 15 Ida. 47, 96 P. 212; *Hamilton v. Hamilton*, 21 Ida. 672, 123 P. 632; *Sessions v. Walker*, 34 Ida. 362, 201 P. 709; *Ward v. Burley State Bank*, 38 Ida. 765, 225 P. 497.)

The notation in the minute entry "attorneys notified" could reasonably be construed as permitting, if not inviting, procurement of reinstatement, and in fact, recognized such interpretation because the court entertained, which was fit and proper, such a motion. The denial of the motion to reinstate is the only phase open to doubt.

There is no showing whatever that respondent in any way was, or will be injured or damaged by the delay. Hence authorities considering the passing of time as to laches and kindred situations, under similar statutes, rules and circumstances, are pertinent.

In the early case of *Just v. Idaho Canal Etc. Co., Ltd.*, 16 Ida. 639, 102 P. 381, this Court, through Justice Ailshie, considering the effect of passage of time upon delay in not sooner filing a complaint and holding that delay was insufficient to support drastic finality, ably stated:

"* * * 'But delay alone, unaccompanied by other circumstances, will not necessarily preclude relief. In every case where the defense is founded on mere delay, that delay, of course, not amounting to a bar of any statute of limitations, the validity of that defense must be tested upon purely equitable principles. . . The doctrine of laches,

as understood in courts of equity, implies injury to the party pleading it as a defense. Where the situation of the parties has not been altered, and one has not been put in a worse condition by the delay of the other, the defense of laches does not generally apply.' "

"* * * 'Although an important ingredient in the law of laches, the instances seem to be rare where courts have declared that mere lapses of time might effect a positive bar, even in cases of purely equitable jurisdiction; while, on the other hand, relief has frequently been granted, notwithstanding great delay, when substantial justice could yet be done between the parties. . . When, therefore, the parties remain in the same relative position, and the delay has worked no serious wrong to the adverse party, so that justice can still be done, the claimant should not be refused relief on the ground of laches.' "

Following with approval *Just v. Idaho Canal Etc. Co., Ltd.*, supra, this court held that statutes of limitations apply to the commencement not prosecution of an action, *Eldridge v. Idaho State Penitentiary*, 54 Ida. 213, 30 P. (2d) 781, hence this rule is not one of limitations.

The rule in *Just v. Idaho Canal Etc. Co., Ltd.*, supra, has been consistently adhered to. (*Smith v. Faris-Kesl Const. Co., Ltd.*, 27 Ida. 407, 150 P. 25; *Federal Land Bank of Spokane v. Bissonnette*, 51 Ida. 219, 4 P. (2d) 364.)

In the case at bar, there was no delay in filing the action. The delay was in the prosecution thereof. After being notified the case had been dismissed, appellant promptly sought reinstatement, consequently the refusal to sustain the order of reinstatement in *McAllister v. Erickson*, supra, does not demand rejection herein. Conceding that the exculpation for appellant's inattention to the suit, contained in the affidavit for reinstatement is meager and not very forceful, nevertheless, in the absence of any showing of injury or damage to respondent, it was an abuse of discretion to refuse to reinstate the action. Applying the above principles herein under the circumstances justifies a reversal with instructions to reinstate the case. To prevent injury to respondent, costs are imposed on appellant. So ordered.

Ailshie, C.J., Budge, Holden, and Miller, JJ., concur.