189 P.2d 1022

## WHITE EARTH PRODUCTS CO. v. IDAHO FIRST NAT. BANK, CALDWELL BRANCH, et al.

### No. 7389.

Supreme Court of Idaho.

Feb. 12, 1948.

Cleve Groome, of Caldwell, for appellant.

Karl Paine, Edwin Snow, and Walter M. Oros, all of Boise, for respondent Bank.

F. W. Jarvis, of Caldwell, for respondents Crookham.

GIVENS, Chief Justice.

The filing of an original complaint and successive sustained demurrers and motions to strike and amended complaints, culminated in a third amended complaint, to which a motion to strike one paragraph thereof, was sustained. The general demurrer of respondents Crookhams was not sustained, but the special demurrers of all respondents for ambiguity, uncertainty, and unintelligibility were sustained, and upon appellant's expressed declination to plead further, the court refrained from ruling on a motion to separately state, and entered judgment of dismissal—hence the appeal.

Appellant's contention is evidently to the effect that if the complaint states some cause of action and a general demurrer challenging it on that ground is not sustained, judgment of dismissal may not be entered upon an order sustaining demurrers for ambiguity, uncertainty and unintelligibility. Though it is somewhat anomalous, appellant does not argue the complaint was not deficient in the particulars questioned by the special demurrers. It would thus appear the sole issue before us is as thus expressed by respondent Bank:

"It does not discuss the merits of the demurrer or motion, but rests its appeal solely upon the proposition that the order of dismissal was erroneous *because its third amended complaint states a cause of action.* Thus is presented for decision here the question of the Court's power to dismiss the action. The question does not involve the right of appellant to file a fourth amended complaint. Appellant did not ask permission to amend, but elected to stand upon the third amended complaint."

Section 5-607, I.C.A., enumerates seven distinct grounds of demurrer, the seventh being—

"That the complaint is ambiguous, unintelligible or uncertain."

Such ground is not comprehended within a general demurrer. Palmer v. Utah etc. Ry. Co., 2 Idaho (Hasb.) 315, at page 975, 318, 13 P. 425.

Thus, ground seven to be effective upon refusal to plead further, with designated defects extant in the pleading, must subject the action to dismissal and that is the recent definitive announcement by this court on this question:

"However, if a special demurrer on the ground of ambiguity, unintelligibility or uncertainty is correctly sustained in the trial court, and a general demurrer, if there be one, is overruled, the trial court specifying which grounds are sustained and which

are overruled, an appellant who sees fit to stand upon his complaint after an opportunity to amend, will be bound by the judgment of dismissal without being given another opportunity by this court so to do." Chandler v. Drainage Dist. No. 2, Idaho, 187 P.2d 971, 975.

Since appellant by silence inferentially concedes the complaint is subject to the criticism aimed at it by the special demurrers, we do not, as it has not, consider the merits of this feature, but passing upon the sole point raised by appellant, sustain the judgment of the trial court and it is so ordered. Costs awarded to respondents.

HOLDEN, MILLER, and HYATT, JJ., and SUTPHEN, District Judge, concur.