383 P.2d 346

Garald A. **CLEAR** and Odetta Clear, Parents of Nancy Joan Clear, a minor, now deceased, Plaintiffs-Appellants,

v.

Leland G. **MARVIN**, Defendant-Respondent.

No. 9220.

Supreme Court of Idaho.

June 27, 1963.

88

See also 83 Idaho 399, 363 P.2d 355.

McCarthy & Adams, Lewiston, Sharp & Bishop, Clarkston, Wash., for appellants.

E. L. Miller, Coeur d'Alene, Martinson & Gale, Moscow, for respondent.

KNUDSON, Chief Justice.

Appellants, Garald A. Clear and Odetta Clear, husband and wife, commenced this action to recover damages for the alleged wrongful death of their daughter, Nancy Joan Clear, who was a niece of respondent Leland G. Marvin.

On May 31, 1960, Nancy (then eight years of age) was permitted by respondent to ride on the hood of a certain 1959 Ford wheel tractor while it was being driven by him upon a public highway. Two of respondent's children were riding on the tractor at the same time, one was seated on the hood immediately ahead of Nancy and the other was sitting in the tractor seat in front of respondent. A four wheeled rubber tired wagon was being drawn behind the tractor.

While the tractor was so being driven along the highway Nancy fell to the ground and was run over by the left rear wheel of the tractor, as a result of which she died approximately 30 minutes later.

A trial by jury was had and a unanimous verdict in favor of respondent was returned and a judgment thereupon entered. From an order denying a new trial this appeal is taken.

The principal issue framed by the pleadings in this case is the liability, if any, of respondent for Nancy's death. The only allegations of negligence contained in appellants' complaint are as follows:

In paragraph I it is alleged that Nancy died "as a result of the grossly careless, heedless and negligent acts of defendant, * * *."

In paragraph II it is alleged "that said gross and needless negligence on the part of the defendant was the proximate and direct cause of the death of said minor child."

In paragraph III it is alleged "that had it not been for the wilful, wanton and reck-

less manner in which defendant looked after the welfare of the deceased minor child, she would not have been killed * * *."

Respondent denied each and all of said allegations of negligence and as affirmative defenses alleged that the deceased "voluntarily assumed all risks attendant to her acts and actions" and "was guilty of contributory negligence."

A pre-trial conference was regularly had following which an order as provided for (IRCP, Rule 16) was regularly entered. Said order contains, inter alia, the following provisions:

> "Plaintiff's contention is that the defendant was guilty of reckless, willful and wanton misconduct in permitting the deceased child to ride on the tractor in the manner in which she rode.

> "It is the plaintiff's contention that there was no place on the hood of the tractor for a child to ride and that the mere fact that the defendant permitted the child to ride on the hood of the tractor, itself, was gross and wanton negligence."

Appellants' only assignment of error deals with their contention that the court erred in giving instruction No. 9, which is identical with I.C. § 49–1401 and provides that:

> "No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of the said owner or operator or caused by his intoxication or his reckless disregard of the rights of others."

The giving of said instruction was claimed as error in support of appellants' motion for a new trial which was denied for the reasons stated in the trial court's order as follows:

> "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the motion for new trial by the plaintiffs be and the same is hereby denied upon the grounds and for the reasons that said jury was properly instructed in accordance with the issues in said action as framed by the pleadings herein and the pre-trial order herein, and in accordance with the requested instructions of the plaintiff and that the instructions given did fairly and fully submit to the jury the applicable law and that said jury could have reasonably concluded from the evidence submitted and adduced that the defendant, Leland G. Marvin, did not act in reckless disregard of the rights of Nancy Joan Clear, deceased, or said jury could have reasonably concluded that Nancy

Joan Clear was capable of assuming and did assume the risk involved. The Court must accord the verdict of the jury due respect."

The trial court concluded that the giving of instruction No. 9 "was consistent with the allegations of the plaintiffs' complaint, the plaintiffs' requested instructions and plaintiffs' theory of the case, and as presented by the evidence * * *."

█ It is clearly the established rule in this jurisdiction that the parties will be be held to the theory upon which the cause was tried in the lower court. Wormward v. Taylor, 70 Idaho 450, 221 P.2d 686; Rollefson v. Lutheran Brotherhood, 64 Idaho 331, 132 P.2d 758; Neff v. Hysen, 72 Idaho 470, 244 P.2d 146; Smith v. Shinn, 82 Idaho 141, 350 P.2d 348.

Appellants' pleadings, their contentions as stated at the pre-trial conference and requested instructions substantially reflect appellants' theory of the case. We have hereinbefore quoted the pertinent allegations of negligence which are contained in appellants' complaint. We shall now examine appellants' requested instructions.

Appellants' requested instruction No. 12 which was submitted as stating the contentions of the respective parties to this action provides that this action was brought to recover damages for the death of Nancy "based upon the alleged gross negligence of

the defendant, Leland G. Marvin, * * * and that said gross and heedless negligence on the part of the defendant was the proximate and direct cause of the death of said minor child."

Under their requested instruction No. 3, appellants asked that the following definition of gross negligence be given to-wit:

"You are further instructed that *gross negligence or wantoness* may be defined as an act committed under such circumstances as to evince *a reckless disregard* for the safety of the person injured." (Emphasis supplied)

Appellants' requested instruction No. 2 provides:

"I instruct you that the term *reckless disregard* means an act or conduct destitute of heed or concern for consequences; especially foolishly heedless of danger, headlong rash; wanton disregard, or conscious indifference to consequences." (Emphasis supplied)

By instruction No. 10 the court instructed what the term "reckless disregard" means in the identical language requested. It is noteworthy that in the case of Foberg v. Harrison, 71 Idaho 11, 225 P.2d 69, the same language was used by this Court in defining "reckless disregard" as used in I.C. § 49–1401, and we have consistently adhered to such definition in actions governed by said guest statute. See *Turner*

v. Purdum, 77 Idaho 130, 289 P.2d 608; Grant v. Clarke, 78 Idaho 412, 305 P.2d 752; Hunter v. Horton, 80 Idaho 475, 333 P.2d 459.

Appellants' requested instruction No. 4 provides:

"You are further instructed that contributory negligence is no defense to an action based on defendant's reckless, willful, wanton or intentional misconduct or gross negligence."

No error is claimed as to the giving of instruction No. 19, which provides in part:

"On the other hand, if from the preponderance of the evidence, under these instructions, you find that the defendant Leland G. Marvin was not operating the tractor in *reckless disregard* of the rights of the deceased Nancy Joan Clear, you will find for the defendant." (Emphasis supplied)

No error was assigned to the giving of said instruction No. 19.

 Appellants do not claim error was committed by failing to give any of their requested instructions. It will be presumed on appeal, absent contrary showing, that the trial court acted correctly and did not err. Error is never presumed on appeal and the burden of showing it is on the party alleging it. Judy v. Reilly Atkinson & Co., Inc., 59 Idaho 752, 87 P.2d 451; State v. Snoderly, 61 Idaho 314, 101 P.2d

9; Byington v. Horton, 61 Idaho 389, 102 P.2d 652. Appellants' claimed error is directed exclusively to the giving of instruction No. 9.

After carefully examining the record we cannot say that the trial court was not justified in concluding that the instructions given were in accordance with appellants' theory of the case as to the degree of negligence which must be proved in order to entitle them to recover.

It must be admitted that said instruction No. 9 referred to two matters which were neither alleged nor supported by evidence, i. e., there was no issue under the pleadings as to whether *the accident was intentional on the part of respondent* or *that it was caused by his intoxication*. There is no showing in the record that any such contention was mentioned, discussed or considered by either party. There was an issue as to whether the accident was caused by respondent's *reckless disregard* of the rights of others.

Appellants have cited many decisions of this Court holding that instructions given by the trial court should be confined to the issues raised by the pleadings in the case and the facts developed by the evidence. However this Court has repeatedly held that:

"Only instructions which are pertinent to the pleading and the evidence should be given, but where it appears

that the giving of the instruction did not result in any substantial injury, though not founded on the issues, the cause will not be reversed."

See Gardner v. Hobbs, 69 Idaho 288, 206 P.2d 539; Evans v. Davidson, 58 Idaho 600, 77 P.2d 661; Asumendi v. Ferguson, 57 Idaho 450, 65 P.2d 713.

It must be conceded that it was error for the court to instruct as to the accident having been intentional on the part of the operator or caused by his intoxication, since no such issues are involved. However, appellants have not pointed out how they have suffered any substantial injury by the giving of said parts of the instructions. In appellants' brief their contention is stated as follows:

"Thus, we submit, the only effect this instruction could have had on the members of the jury was to confuse the issues before them to determine."

We do not agree with this contention since no evidence whatever was introduced or offered from which it could possibly have been inferred that respondent intentionally caused the accident or that it was caused by his intoxication. The giving of that portion of the instruction relating to "reckless disregard" was justified as being in accordance with appellants' theory of the

case, and if any error was committed thereby, it was invited error. See Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287.

Except in cases where error, affecting the substantial rights of the aggrieved party, is so manifest as to entitle him to a new trial as a matter of right, the trial judge is vested with a wide discretion to be exercised wisely in granting or denying a new trial, and the order of the court exercising that discretion will not be disturbed by this Court unless such discretion clearly and manifestly has been abused. Walker v. Distler, 78 Idaho 38, 296 P.2d 452; Woodland v. Lyon, 78 Idaho 79, 298 P.2d 380; Baldwin v. Ewing, 69 Idaho 176, 204 P.2d 430.

We are satisfied that the giving of a portion of instruction No. 9, while erroneous, did not tend to mislead or confuse the jury or to change the results of the case to the prejudice of appellants and did not constitute reversible error. We conclude the record does not disclose that the trial court abused its discretion in denying appellants' motion for a new trial. The ruling of the trial court is affirmed. Costs to respondent.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.