557 P.2d 595

Laurine DAWSON, Plaintiff-Respondent,

v.

Francis C. (Clyde) MEAD and Glea J. Mead, husband and wife, Defendants-Appellants.

No. 12147.

Supreme Court of Idaho.

Dec. 14, 1976.

Peter B. Wilson, of Wilson & Walter, Bonners Ferry, for defendants-appellants.

Hardy C. Lyons, Terry Jensen, Sandpoint, for plaintiff-respondent.

## DONALDSON, Justice.

On March 13, 1973, defendant-appellant Francis Mead purchased at a sheriff's sale approximately 40 acres of real property belonging to plaintiff-respondent Laurine Dawson. The property was sold to satisfy a default judgment obtained against respondent by Alvin Flory. Upon learning of the sale, respondent instituted this action to recover the property. She named as defendants Flory, appellant, and the county commissioners. In Count I of her complaint, she alleged the sale was void because she had never been properly served in the Flory action. In her remaining allegations she claimed that appellant had been ineligible to purchase at the sale and had colluded with the county commissioners to vacate an access road to the property.

Appellant answered, counterclaimed for damages for malicious prosecution, and moved for summary judgment on the issues presented by respondent's complaint. Respondent submitted no evidence or affidavits to counter that of appellant, and the summary judgment was granted. The county commissioners were also granted summary judgment on the issue of collusion, and were dismissed as parties.

The issue of the validity of the Flory judgment was then tried, and the court issued its memorandum opinion on December 19, 1974. Flory had been unable to serve respondent personally, and had attempted service by publication. The court found that the affidavit and order for service of an alias summons did not contain the last known address of respondent as known by Flory, and that a copy of the summons and complaint had not been mailed to respondent as required by I.C. § 5-509. It therefore vacated the Flory judgment and declared the sale a nullity.

Appellant's counterclaim for damages for malicious prosectuion was tried approximately seven months later on July 28, 1975. The court found that respondent was not actuated by malice, and denied recovery. It ordered that title to the real property be quieted in respondent subject to a judgment lien on behalf of appellant for the sale price, costs, taxes, and interest.[1] Respondent was also enjoined from interfering with appellant's possession of the property until she had fully satisfied his judgment.

On appeal, appellant alleges that (1) the court erred in quieting title to the property in respondent because the summary judgment in his favor was res judicata on the

---

1. Although the Flory judgment was set aside, Flory was not required to return that portion of the sale proceeds he received in satisfaction of his judgment. Respondent apparently concedes that she owes Flory the amount of his judgment. She therefore did not object to paying appellant the entire sale price and allowing Flory to keep the sale proceeds he received.

issue of ownership; (2) the court erred in refusing to hold respondent estopped from challenging the validity of the sheriff's sale; and (3) the court erred in denying recovery on appellant's counterclaim.

In support of his motion for summary judgment, appellant submitted his affidavit stating that he was the highest bidder at the sheriff's sale, that he did not become a deputy sheriff until two days after the sale, and that he did not enter into any agreement with the county commissioners to vacate an access road to the property. He also submitted documents supporting the first two statements. Neither appellant's evidence nor his affidavit countered respondent's allegations in Count I of her complaint that the Flory judgment was invalid. Nevertheless, the court granted summary judgment "against the plaintiff dismissing the plaintiff's Complaint as to these defendants." Appellant contends that this was a final judgment which precluded the trial court from later quieting title to the property in respondent.

Since the summary judgment did not concern appellant's counterclaim, it did not adjudicate all the claims for relief presented in this action. It could therefore only be a final judgment upon an express determination by the court that there was no reason for delay and upon an express direction for the entry of judgment. Since there was no such determination in this case, the summary judgment was subject to revision at any time before the entry of judgment adjudicating all the claims. I.R.C.P. 54(b) (1958); *Viani v. Aetna Ins. Co.*, 95 Idaho 22, 501 P.2d 706 (1972).

Appellant also contends that the trial court should have given him notice before quieting title to the property in respondent. He claims that after he was granted the summary judgment on October 31, 1973, it was assumed by all concerned that the only remaining issue between him and respondent was his counterclaim. Thus, the

final judgment, rendered two years later, quieting title to the property in respondent came like a "bolt from the blue." As support for this argument, appellant relies upon the court minutes of the first trial in this case, held on December 17, 1974.

At that trial appellant appeared with his counsel, Mr. Peter Wilson, and Flory appeared with his counsel, Mr. Wilson's partner. According to the court minutes, appellant was then dismissed "as only Flory was involved with this Complaint." The trial lasted thirty minutes after which there was a thirty-minute recess. The court then reconvened and postponed the trial on appellant's counterclaim until it rendered a decision on the validity of the Flory judgment.

Appellant contends that he was "dismissed" because the summary judgment prevented respondent from regaining title to the property. Her only remedy for the unlawful sale of her property was to seek money damages from Flory. Appellant, however, has not provided us with a transcript of the proceedings at the first trial. The record does not state who requested the dismissal, the nature of the dismissal, or the precise reasons therefor. It is fundamental that error will not be presumed, but must be shown affirmatively by the appellant on the record. *Gardner v. Fliegel*, 92 Idaho 767, 450 P.2d 990 (1969). Based upon the record as a whole, it appears the most plausible explanation of the dismissal is that appellant was merely allowed to leave the courtroom until it was time to try the counterclaim. Appellant had no personal knowledge of the validity of the Flory judgment, and, therefore, his presence was not required during that portion of the trial.[2]

On December 19, 1974, the trial court issued a memorandum decision holding that the Flory judgment and "all proceedings brought to enforce [it]" were a

2. Respondent changed attorneys after the December 17 trial. Her counsel on appeal was therefore unable to provide us with any information about what occurred at that trial.

**4**

nullity. Appellant thereafter amended his answer to assert estoppel as an affirmative defense. He also amended his counterclaim to add, "in the event estoppel is not applicable," requests for judgment against respondent for the taxes he had paid on the property and for an injunction preventing respondent from interfering with his possession of the property until all sums owing him were paid. There would have been no need for these amendments had appellant actually believed that the summary judgment prevented respondent from regaining title to the property.

Appellant later submitted a brief to the trial court which covered the steps necessary to protect a purchaser at an execution sale when the judgment on which the sale is based is set aside. At the July 28, 1975, trial, appellant introduced evidence as to the taxes he had paid on the property since the sheriff's sale. He also attempted to give his opinion of the value of the property on the day after the sheriff's sale. Counsel for respondent objected on the ground that since the execution sale had been held void, appellant was no longer qualified to testify as the owner of the property. In response, appellant's counsel did not contend that appellant was the present owner of the property. Rather, he stated that since appellant had received a certificate of sale, "he was the owner [of the property] *at that time.*" (Emphasis ours.) The trial court then sustained the objection.

Thus, from the record it appears that appellant should not have been surprised when, on October 28, 1975, the court issued its final judgment in this action quieting title to the property in respondent. Even assuming that appellant's counsel was unaware of Rule 54(b), there is nothing in the record to indicate that appellant was misled to his prejudice by the inadvertent granting of summary judgment as to Count I of respondent's complaint.

Next, appellant contends that the trial court erred in refusing to hold respondent estoppel to challenge the validity of the sheriff's sale. The record reflects that respondent did not learn of either the Flory action or the sheriff's sale until after appellant had purchased the property. The record does not indicate when respondent received the proceeds of the sale. On January 16, 1974, however, she deposited in court a check in the amount of $5,549.71 as a tender to appellant of the sale price. She later withdrew that check and used the money to pay some personal obligations. Appellant argues that by spending the sale proceeds during the pendency of this action, respondent should be estopped to deny the validity of the sale.

■ To constitute quasi estoppel the respondent must have gained some advantage for herself, produced some disadvantage to appellant, or induced him to change his position. It must be unconscionable to allow her to maintain a position which is inconsistent with one of which she accepted a benefit. *KTVB, Inc. v. Boise City,* 94 Idaho 279, 486 P.2d 992 (1971). There is nothing in the record to indicate that quasi estoppel should apply here. Considering the fact that appellant has had the use and enjoyment of the property since the sheriff's sale in March, 1973, it is certainly not unconscionable to allow respondent to use the sale proceeds during the pendency of this action.

Finally, appellant contends the trial court erred in denying him recovery on his counterclaim for malicious prosecution. In her complaint respondent alleged that appellant was not the high bidder at the sale, that he was statutorily ineligible to purchase at the sale because he was a deputy sheriff, and that he had colluded with the county commissioners to vacate an access road to her property. Based upon these allegations appellant asserted a counterclaim for malicious prosecution. Although these allegations were false, the trial court found that respondent was not actuated by malice but honestly believed them to be true.

Appellant, however, does not contend that respondent committed the tort when

she filed her complaint. Rather, he argues that the tort was one of inaction—allowing the allegations to stand after respondent should have known they were false. After the complaint was filed, the prosecuting attorney informed respondent's counsel that appellant did not become a deputy sheriff until two days after the sale. In addition, appellant presented evidence to support his motion for summary judgment showing that he was the highest bidder and was eligible to purchase at the sale. He also presented his affidavit stating that he had not colluded with the county commissioners to vacate any road which concerned respondent's property. Respondent did not produce any evidence or affidavits in opposition to the motion for summary judgment. Appellant contends that when faced with appellant's evidence and her lack thereof, respondent should have immediately dismissed these allegations from her complaint.

■ This Court has adopted the general rule that advice of counsel is a complete defense to a malicious prosecution action where it appears that the prosecution was initiated in reliance in good faith on such advice, given after a full and fair statement to the attorney of all the facts. *Allen v. Moyle,* 84 Idaho 18, 367 P.2d 579 (1961). We believe that this defense should also apply to the continuation of an action. Absent evidence to the contrary, we must presume that it was respondent's attorney who controlled the conduct of her lawsuit. Since there is no indication in the record that respondent withheld information from her attorney, either before or after this action was filed, it was not error to deny appellant recovery for malicious prosecution.

The judgment of the district court is accordingly affirmed. Costs to respondent.

McFADDEN, C. J., and BAKES and BISTLINE, JJ., concur.

SHEPARD, J., dissents without opinion.