Larry DRAKE, Appellant,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.

No. 76–1842.

United States Court of Appeals, Eighth Circuit.

Submitted March 17, 1977.

Decided May 4, 1977.

James A. Greenblatt (argued), Clayton, Mo., on brief, for appellant.

Thad Hollie, Jr. (argued), John D. Rahoy and Leo E. Eickhoff, Jr., St. Louis, Mo., on brief, for appellee.

Before BRIGHT and ROSS, Circuit Judges, and URBOM, Chief District Judge.*

BRIGHT, Circuit Judge.

Appellant Larry Drake, a black person, brings this appeal from an order dismissing his complaint without prejudice for want of prosecution. The complaint, filed October 24, 1975, alleged that Drake's employer, Southwestern Bell Telephone Company, unlawfully discriminated against Drake by discharging him on April 5, 1972, in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Because Drake was otherwise reinstated with back pay as a result of an arbitration award, Drake, in this lawsuit, sought $10,000 in general damages for humiliation, degradation, and anxiety; certain "special" damages attributable to specific family expenses incurred during the dismissal period; and punitive damages in the amount of $250,000. Before the dismissal of the complaint on August 30, 1976, the district court on December 2, 1975, on motion of Southwestern Bell, had dismissed the allegations of the complaint asserting a claim under § 1981 on grounds that such action was barred by Missouri's two-year statute of limitations, and, consistent with that determination, had struck the prayer for general, special, and punitive damages.

In this appeal, Drake seeks to set aside as error the December 2, 1975, order which struck the § 1981 claim as untimely and requests the reinstatement of the § 1981 allegations. For reasons stated below, we determine that the appeal in this case brings before us the interlocutory order relating to the statute of limitations defense, and we hold on the merits that the original complaint should be reinstated.

I.

■ We consider first the scope of our review on this appeal. An order dismissing a cause of action for want of prosecution, whether with or without prejudice, terminates the action and, therefore, constitutes a final and appealable order. *Allied Air Freight, Inc. v. Pan American Airways, Inc.*, 393 F.2d 441 (2d Cir.), *cert. denied*, 393 U.S. 846, 89 S.Ct. 131, 21 L.Ed.2d 117 (1968); *Rinieri v. News Syndicate Co., Inc.*, 385 F.2d 818, 821 (2d Cir. 1967); 9 Wright & Miller, *Federal Practice and Procedure: Civil*, § 2376 n.69 (1971).

Although generally interlocutory orders merge with a final order and as such may be reviewed on appeal from a final order dismissing a case for want of prosecution, *Allied Air Freight, Inc., supra*, 393 F.2d at 444, there exists authority to the contrary. At least one court has held that the scope of appellate review in such cases is confined solely to whether the trial court abused its discretion in granting such dismissal. *Marshall v. Sielaff*, 492 F.2d 917 (3d Cir. 1974).

In *Marshall*, the appellant-plaintiff refused to proceed with the trial of a civil rights damage action without three prisoner-witnesses which the trial court by interlocutory order had refused to summon into court. The trial court thereupon dismissed the case for want of prosecution.

In refusing to consider the propriety of the interlocutory ruling, the court said:

* WARREN K. URBOM, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

To adjudicate the issue of the [denial of the interlocutory] writ under the circumstances of this case would undermine the "basic and persisting policy against piecemeal appeals." If a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened. This procedural technique would in effect provide a means to avoid the finality rule embodied in 28 U.S.C.A. § 1291. [*Marshall, supra,* 492 F.2d at 919 (citations omitted).]

█ Here, to the contrary, the interlocutory order striking Drake's § 1981 claim and his prayer for general, special, and punitive damages left Drake with only a Title VII cause of action and under the particular circumstances only a single potential claim for relief, *i. e.*, attorneys' fees for prosecuting the Title VII action.[1] Thus, although the interlocutory order did not by its language dispose of the entire case, it did deprive Drake of any meaningful relief. Under these circumstances, the interests of efficient judicial administration require review of the interlocutory order dismissing portions of Drake's complaint as well as the final order.

### II.

We turn to a consideration of the appropriate Missouri statute of limitations. Appellant asserts that Missouri's five-year statute of limitations applies to Drake's § 1981 claim, that five years have not elapsed since the 1972 discharge, and, therefore, the trial court erred in dismissing the

§ 1981 claim and in striking the prayer for general, special, and punitive damages. The five-year statute reads in relevant part:

Within five years:

(1) All actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110, and except upon judgments or decrees of a court of record, and except where a different time is herein limited;

(2) An action upon a liability created by a statute other than a penalty or forfeiture;

\* \* \* \* \* \*

(4) An action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated [.]

[Mo.Ann.Stat. § 516.120]

In *Greene v. Carter Carburetor Co.,* 532 F.2d 125 (8th Cir. 1976), plaintiff brought an action under § 1981 complaining that her discharge more than five years earlier was the result of racial discrimination. We said that the trial court "correctly determined that [the § 1981 count] was barred by § 516.120 R.S.Mo. (1969)." *Id.* at 127. *See Green v. McDonnell Douglas Corp.,* 463 F.2d 337, 340 (8th Cir. 1972), *rev'd on other grounds,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Wright v. Stone Container Corp.,* 386 F.Supp. 890 (E.D.Mo.1974). Both of our decisions apply the five-year statute to employment discrimination claims under § 1981.

---

1. When appellant Drake's Title VII case came to trial, Drake had already received, through the arbitration award, all the relief expressly available under Title VII except attorneys' fees. Accordingly, at the pretrial proceedings before the district court on August 30, 1976, the district court announced that only the question of attorneys' fees remained as a Title VII issue. Appellant Drake did not argue below and does not now claim that he has a right under his Title VII allegations to any form of relief except attorneys' fees.

The Tenth, Sixth, and Third Circuits have indicated that compensatory and punitive damages are not recoverable in Title VII actions. *Pearson v. Western Electric Co.,* 542 F.2d 1150 (10th Cir. 1976); *EEOC v. Detroit Edison Co.,* 515 F.2d 301 (6th Cir. 1975) (pet. for cert. filed Aug. 14, 1975); *Richerson v. Jones,* 551 F.2d 918 (3d Cir., 1977). We have not been called upon to decide these damage issues under Title VII and we do not do so in this case. *See Tietz v. Local 10 of Int'l Ass'n of Bridge, etc.,* 525 F.2d 688 (8th Cir. 1975).

In its motion before the district court and on this appeal, Southwestern Bell argues that the application of the five-year statute of limitations in *Greene, Green,* and *Wright* is not dispositive of the issue because in those cases a time period of more than five years had elapsed preceding the bringing of a § 1981 action for violation of civil rights. Thus, argues appellee, those courts were not called upon to consider whether the shorter two-year Missouri limitation period, contained in Mo.Ann.Stat. § 516.140, is the "most appropriate" limitation period, and, therefore, to be applied under the doctrine enunciated in *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).[2]

The two-year statute relied upon by appellee reads:

Within two years: An action for libel, slander, assault, battery, false imprisonment or criminal conversation. All actions against physicians, surgeons, dentists, roentgenologists, nurses, hospitals and sanitariums for damages for malpractice, error, or mistake shall be brought within two years from the date of the act of neglect complained of, *and an action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, and for the recovery of any amount under and by virtue of the provisions of the Fair Labor Standards Act of 1938 and amendments thereto, said act being an act of congress, shall be brought within two years after the cause accrued.* [Mo. Ann.Stat. § 516.140 (emphasis added).]

Appellant argues that because plaintiff's action under 42 U.S.C. § 1981 is an action for back pay, or unpaid wages, the foregoing two-year statute applies, particularly the above-emphasized portion.

■ The statutory history indicates that in 1945 the Missouri legislature added the part of the last sentence relating to actions by employees. Mo.Ann.Stat. § 516.140, Historical Note. Clearly that amendment refers only to the special causes of action given to employees under the Fair Labor Standards Act of 1938 and subsequent amendments.

Appellant's action does not rest upon the Fair Labor Standards Act nor can it be characterized as an action for payment of unpaid minimum wages or unpaid overtime compensation. Thus, the final portion of the statute does not apply and the two-year statute becomes immaterial in this action.

■ The five-year Missouri statute, § 516.120 Mo.Ann.Stat., however, is analogous and applicable because a proceeding under § 1981 represents an action upon a liability implied, subd. 1; or an "action upon a liability created by a statute," subd. 2; or an action for "injury to the person or rights of another, not arising on contract and not herein otherwise enumerated," subd. 4. We need not decide which of these subdivisions covers this statutory action, but the cases indicate that a § 1981 action properly fits the description of one or more subdivisions of § 516.120. *See Greene, Green,* and *Wright, supra. See also Chambers v. Omaha Public School Dist.,* 536 F.2d 222, 227–28 (8th Cir. 1976); *Reed v. Hutto,* 486 F.2d 534, 537 n.2 (8th Cir. 1973); *Glasscoe v. Howell,* 431 F.2d 863 (8th Cir. 1970).

■ Accordingly, we remand this case for further proceedings with directions that the complaint be reinstated.[3] We award no

---

**2.** The Court in *Johnson* stated:

Since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period would ordinarily be the most appropriate one provided by state law. [*Id.* at 462, 95 S.Ct. at 1721.]

**3.** We have previously cautioned counsel against pressing civil rights claims of tenuous or dubious validity in the interest of obtaining

prompt resolution of the merits of such claims. *Cody v. Union Electric, etc. et al.,* 545 F.2d 610, 613 (8th Cir. 1976).

Any court must entertain great doubt that a plaintiff under § 1981 can recover against the employer for loss of the employee's automobile by repossession because the employee did not meet his financing obligations, cab fare for employee's wife because no car was available, and the cost to employee of purchasing a replacement automobile. The appellant on remand

costs or attorneys' fees to appellant herein for reasons stated in the margin.[4]

should reconsider the propriety of these items of damage.

4. Appellee's written motion to dismiss the § 1981 claim drew no response from appellant. The local rules give a party ample opportunity to respond to a motion. The local rule provides:

> c. Presentation
>
> (3) *Reply Briefs.*—Each party opposing the motion shall serve and file five days after being served with the motion a brief written statement of reasons in opposition to the motion and a brief or a list of citations of any authorities on which he relies. If the motion requires a consideration of facts not appearing of record he shall serve and file copies of all documentary evidence or photographs which he intends to submit in opposition to the motion, in addition to the affidavits required or permitted by the Federal Rules of Civil Procedure. [E.D.Mo. R. VII c(3).]

While appellant's failure to respond to a motion and brief submitted by movant does not amount to a default so as to require the district court to grant the motion in question, the failure to respond to that motion amounts to a substantial abdication of a lawyer's responsibility to inform the court of his or her view of applicable law. We must assume that appellant's failure to respond to the motion to dismiss in this case contributed to the erroneous interlocutory ruling made by the district court. A prompt response may very well have avoided the necessity of these appellate proceedings. Under such circumstances, the costs of the appellant's appeal should not be assessed against the movant-appellee.