620 P.2d 798

**David O. WOODS, Lloyd Tolman, John C. Ruth, and David L. Woods, Plaintiffs–Respondents,**

v.

**Dave CROUSE dba Diversified Financial Services, Defendant,**

and

**Arthur T. Winters dba International Funding Associates of America, Defendant–Appellant.**

**No. 13695.**

Supreme Court of Idaho.

Dec. 22, 1980.

Arthur T. Winters, pro se.

Lowell N. Hawkes, Pocatello, for plaintiffs–respondents.

## PER CURIAM.

Plaintiffs brought this action basically claiming fraud and following trial, a jury returned a verdict in favor of plaintiffs against defendant Crouse in the sum of $4,800 and against defendant Winters in the sum of $297,000. Judgment was entered thereon, together with an award of attorney fees to plaintiffs against defendant Winters for the sum of $30,000.

Only defendant Winters filed notice of appeal. Thereafter, counsel for defendant–appellant Winters withdrew and defendant–appellant Winters, himself an attorney at law has appealed *pro se* and has requested the Court that the matter be submitted upon the record. Although defendant–appellant Winters has been advised of the necessity of complying with the rules of this Court, and in particular the necessity of filing appellant's brief, he has failed to so file a brief.

The rules of this Court require that an appellant's brief be filed and that such brief state the issues presented upon appeal and argument that contains the "contentions of the appellant with respect to the issues presented on appeal, the reason therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." *See* Idaho Appellate Rules 34 and 35. Absent compliance with these rules, the Court will not search the record for error. Error is never presumed on appeal and the burden of showing it is on the party alleging it. *Clear v. Marvin*, 86 Idaho 87, 383 P.2d 346 (1963); *Dawson v. Mead*, 98 Idaho 1, 557 P.2d 595 (1976).

The judgment is affirmed. Costs and attorney fees on appeal to respondents. It is further ordered that no petition for rehearing be filed.