623 P.2d 1287

**Norvan J. JENSEN, Plaintiff-Appellant,**

v.

**Thomas DOHERTY,
Defendant-Respondent.**

**No. 12940.**

Supreme Court of Idaho.

Feb. 11, 1981.

Ronald G. Carter of Carter, Gines & Rice, Boise, for plaintiff-appellant.

Ronald P. Rainey of Alexanderson, Davis, Rainey & Whitney, Caldwell, for defendant-respondent.

McFADDEN, Justice.

Appellant Jensen instituted this action in 1975 seeking to establish an easement interest in a parking area adjacent to his place of business in order that his customers could continue to park there. The area was owned at that time by the respondent, who also owned and operated a neighboring business. After the respondent answered the complaint and filed a counterclaim, a pretrial conference was held.[1] The court suggested that some of the issues raised might well be resolved by way of partial summary judgment. One year later the appellant moved for partial summary judgment on the question of his right to use and have his customers use the parking area. Hearing was held on the motion for partial summary judgment four days before the scheduled trial date. After argument, the court stated that, while unsure of the exact

1. Appellant was also granted a temporary injunction which allowed him and his customers to park in the area pending resolution of the action.

nature of appellant's claimed interest or how to label it, the court was convinced at that point there was no easement shown by the appellant, and that therefore the motion for partial summary judgment would be denied. The court then discussed with counsel the pending trial. During this discussion, respondent offered a monetary settlement, and it was decided that appellant would advise the court and opposing counsel if trial would not proceed due to the acceptance of the proferred settlement or for other reasons.

On the scheduled date, the parties appeared for trial, at which time the appellant informed the court that it was not prepared to proceed with proof. Respondent moved for and was granted an involuntary dismissal of appellant's claim under I.R.C.P. 41(b) for want of prosecution. Respondent then voluntarily dismissed his counterclaim.

The court filed two separate orders, one of which denied the motion of the appellant for partial summary judgment as per the hearing and ruling prior to trial. The other order dismissed the complaint of the appellant pursuant to the decision under I.R.C.P. 41(b). Judgment was later entered awarding costs and fees to the respondent as well as dismissing appellant's claim with prejudice.

Argument before this court indicates that while appellant appealed from the judgment dismissing the action as well as one of the orders (which order is unspecified), relief on this appeal is sought only from the trial court's refusal to grant partial summary judgment. No argument is made by appellant in regard to the court's involuntary dismissal of the action.

■ Involuntary dismissal under I.R.C.P. 41(b) for failure to prosecute is in the nature of a sanction. It is a necessary final recourse available to the court to protect its processes and other litigants from abuse. It is a remedy to be sparingly used, but it is always available. See, e. g., 9 Wright & Miller, Federal Practice and Procedure, Civil § 2370 (1971).

■ We have held that the granting of an involuntary dismissal on this ground is an act within the sound discretion of the trial court, and that imposition of the sanction will stand absent abuse of that discretion. *Kirkham v. 4.60 Acres,* 100 Idaho 781, 783, 605 P.2d 959 (1980); *Warden v. Lathan,* 96 Idaho 34, 35, 524 P.2d 162 (1974). We find no such abuse of discretion apparent upon the record before us.

■ In addition, it must be noted that the appellant has here failed to comply with a number of provisions of the Idaho Appellate Rules governing presentation of appeals to this court. For example, the appellant's brief fails to set forth either the facts involved in this case or the proceedings had below. The brief also fails to denominate any issues on appeal. See I.A.R. 35. And, appellant fails to provide a sufficient record or any argument concerning the propriety of the involuntary dismissal of his action. Absent compliance with the appellate rules, the court will not review the record for error. Error is never presumed on appeal; the burden of showing it is upon the party alleging it. *Woods v. Crouse,* 101 Idaho 764, 620 P.2d 798 (1980); *Dawson v. Mead,* 98 Idaho 1, 3, 557 P.2d 595 (1976); *Clear v. Marvin,* 86 Idaho 87, 92, 383 P.2d 346 (1963). Failure to follow the established rules of this court, in conjunction with the other actions of the appellant, *supra,* justifies an award of attorney fees on appeal. I.A.R. 41; I.C. § 12–121; *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979).

The order of involuntary dismissal is affirmed. Costs and attorney fees to respondent.

DONALDSON and SHEPARD, JJ., and SCOGGIN, J. Pro Tem, concur.

BISTLINE, Justice, dissenting.

This appeal is brought from a judgment of dismissal with prejudice, which is a final judgment and therefore appealable. If not

appealed from, the judgment would have gained res judicata effect which it also will have on the remittitur going down on the Court's affirmance.

Prior to the time set for trial, Jensen moved for partial summary judgment as to whether he had a right "to park his vehicles, or have his customers park their vehicles in the parking lot which is common to the buildings which are owned by these two parties." The court denied this motion, ruling orally that "[t]here isn't any easement in the parking lot."[1] Despite the fact that this ruling essentially struck down Jensen's cause of action, trial was set for the following week to determine any minimal damages that might yet be due to Jensen. When the cause came on for trial, Jensen's attorney[2] appeared and advised the court that plaintiff would not proceed with proof,[3] whereupon Doherty moved for an involuntary dismissal, which was granted.

On appeal Doherty contends that, a denial of motion for partial summary judgment not being appealable, an indirect appeal cannot be allowed. Doherty's argument, in essence, is that on an appeal from a final judgment involuntarily dismissing for failure to prosecute, interlocutory orders issued prior to the involuntary dismissal cannot be considered. Doherty contends that he is sustained by federal circuit court decisions which decline to consider such interlocutory orders. Doherty directs our attention to *Marshall v. Sielaff,* 492 F.2d 917 (3rd Cir. 1974). In that case the appellant had filed a motion seeking appearance of five inmates as witnesses in a habeas corpus proceeding. The court granted the motion as to two of the witnesses, but denied it as to the other three. Although advised by both *his own counsel* and by the district court to proceed with the case, the appellant refused to so proceed. The court then granted a motion by the defendant for involuntary dismissal. In upholding that involuntary dismissal, the third circuit expressly noted that "[t]he issues in the case may well have been resolved without the other inmate witnesses. If appellant had proceeded, he might have been successful." 492 F.2d at 919. I would have concurred.

Another federal case, however, not cited by Doherty, seems more analogous to the circumstances of this appeal. In *Drake v. Southwestern Bell Tel. Co.,* 553 F.2d 1185 (8th Cir. 1977), the district court struck a civil rights plaintiff's claim under 42 U.S.C. § 1981 and his entire claim for damages, leaving him with only a claim for attorney's fees under Title VII of the Civil Rights Act of 1964. Some nine months later, the court dismissed the complaint for failure to prose-

---

1. Of one thing I am certain. More regard should be had for the language of I.R.C.P. 56(a) & (b). Motions for summary judgment are *not* supposed to be directed at obtaining piecemeal *rulings* on issues which may likely arise at trial, but are for gaining judgments of a defendant's liability (a plaintiff's motion) or nonliability (a defendant's motion). See, for instance, our opinion in *Merchants, Inc. v. Intermountain Industries, Inc.,* 97 Idaho 890, 892, 556 P.2d 366, 368 (1976). Here plaintiff sought only an *in limine* order holding that the document in question created an easement in plaintiff's favor.

2. Although Mr. Carter argued the "motion for summary judgment," it was not he who appeared at trial and allowed the case to go to final judgment. Mr. Carter made it reasonably clear at oral argument on this appeal that it was intended that the court be advised that counsel saw no merit in proceeding further in view of the adverse ruling on the motion *in limine.*

3. In an unfortunate and perhaps inadvertent choice of words, what counsel for Jensen actually said was that he "was not prepared" to put on proof. However, no motion for a continuance was made, and it is rather obvious that Jensen was electing to stand on his motion for summary judgment and take up on appeal the adverse ruling which effectively put him out of court. Otherwise, on doubtful grounds, in view of the adverse ruling, Jensen by proceeding would have taken the valuable time of the court in pursuit of damages far less than the amount cognizable in small claims court. In fact, Doherty's counsel had offered a $300 nuisance settlement in order to avoid a trial over the pittance which was sought as damages. The existence of an easement was the real issue.

cute. On appeal the eighth circuit reversed. It carefully distinguished *Marshall*, stating:

> "Here ... the interlocutory order striking Drake's § 1981 claim and his prayer for general, special, and punitive damages left Drake with only a Title VII cause of action and under the particular circumstances only a single potential claim for relief, *i. e.*, attorneys' fees for prosecuting the Title VII action. Thus, although the interlocutory order did not by its language dispose of the entire case, it did deprive Drake of any meaningful relief. *Under these circumstances, the interests of efficient judicial administration require review of the interlocutory order dismissing portions of Drake's complaint* as well as the final order." 553 F.2d at 1187 (emphasis added) (footnote omitted).

*Drake* is much more on point than *Marshall*. If we were to rely on federal law in reaching our decision, I would apply the reasoning in *Drake*. However, federal decision law is at best tangential, and certainly not controlling.

I.A.R. 17(e), which has no counterpart in the federal rules, provides in part that "[a]n appeal from a final judgment or order shall be deemed to include, and present on appeal, all interlocutory judgments, orders and decrees in the action or proceeding ...." This rule is dispositive of the issue. It unequivocally establishes that the interlocutory order denying plaintiff's motion for partial summary judgment is properly before us. There is no sound reason why this rule does not apply where the final judgment came about as it did here. The rule provides no exceptions as to specific types of judgments appealed from.

Jensen might have sought certification under I.A.R. 12, but such would have been ill-advised, and even if allowed by the trial court, which is doubtful, would not have been allowed here, as I view our recent actions on requested certifications.[4] Similarly, Jensen would have had no success with a motion for Rule 54(b) certification. Such an order or such a motion as here made simply does not qualify for 54(b) certification. This action involves but one issue and does not involve multiple parties. *See Hutchins v. State*, 100 Idaho 661, 603 P.2d 995 (1979); *Pichon v. L. J. Broekemeier, Inc.*, 99 Idaho 598, 586 P.2d 1042 (1978) (Bistline, J., specially concurring).

Jensen has, in essence, elected to stand on his contention that the document in question created an easement in his favor. This is similar to standing on a demurrer (now a motion to dismiss under I.R.C.P. 12(b), *see, e. g., White Earth Products Co. v. Idaho First National Bank*, 68 Idaho 132, 189 P.2d 1022 (1948)), or resting during trial after an adverse ruling which clearly eviscerates a cause of action. *It is not* the ordinary circumstance where the involuntary dismissal may be entered on the basis of one year's inactivity without any prosecution as was the case in *Warden v. Lathan*, 96 Idaho 34, 524 P.2d 162 (1974), which might have been dismissed under Rule 40(c) or 41(b), the case having lain dormant for over two years and passed on four calendar calls, or *Kirkham v. 4.6 Acres*, 100 Idaho 781, 605 P.2d 959 (1980).

The approach taken today by the Court reminds one of *Stilwell v. Weiser Iron Works, Inc.*, 66 Idaho 227, 157 P.2d 86 (1945), wherein a more enlightened Court espoused the same view of Rule 40(c) dismissals as we recently entertained in *Kirkham*.

> "The rule, however, operates on the litigant who may not in any way be responsible for the oversight or inadvertence of counsel, hence the rule, while meritorious and necessary to keep the trial calendar clear and up to date, should be given a construction that will tend to promote decisions upon the merits rather

---

4. The bar, other than on an individual basis, has no way of knowing that the Court has almost routinely denied Rule 12 certification, although, during the infancy of the rule, it was otherwise.

than upon strict formal procedure." 66 Idaho at 231, 157 P.2d at 88.

In actuality, however, our concern is not at all with a Rule 40(c) dismissal. Nor, reasonably viewed, is our attention centered on a case dismissed for lack of prosecution. This is simply a situation where counsel for Jensen had to realize, and did, that the *in limine* order was the end of the ball game. The action was brought for judicial determination of the existence of an easement; the claim for damages was both incidental and minimal. We would be foolish in the utmost to surmise that this action would have been brought for the scant damages sought.

Further, there is no substantial basis to apprehend that involuntary dismissals may be routinely used as a method for circumventing either I.A.R. 12 or I.R.C.P. 54(b). It will be the unusual case where it would benefit the party to do so. A valid 54(b) certification allows an aggrieved party to appeal a partial summary judgment without prejudicing the remainder of the case. On the other hand playing out a poor hand until entry of involuntary dismissal for insufficient proof of liability would be foolish and improvident in the extreme. Under the facts of this case and under the clear language of I.A.R. 11(a)(1) and I.A.R. 17(e), the judgment of involuntary dismissal is a final judgment and therefore the trial court's prior interlocutory order denying the motion for partial summary judgment is properly before us and should be addressed. As this Court noted in *Bunn v. Bunn*, 99 Idaho 710, 711, 587 P.2d 1245, 1246 (1978):

"It has long been judicial policy in Idaho that controversies be determined and disposed of each on its own particular facts and as substantial justice may require. The exercise of judicial discretion should tend to bring about a judgment on the merits."

No reason suggests itself why this sound rule, in that case declared by this Court as applicable to district judges, should not obtain with equal vigor in the court which so held.

I am sympathetic, to some degree, with that part of the Court's opinion which in essence seeks to justify the disposition made of this cause by engaging in a chastisement of the appellants' brief. It fails to state issues on appeal, as the Court notes; it fails to present a statement of facts, as the Court notes; and it fails to present any argument explaining the whys and wherefores of allowing the action to be dismissed in order to appeal and test the validity of the trial court's ruling that Jensen acquired no easement—which was done very belatedly at oral argument for the very first time.

But, in the recent case of *Lamb v. Robinson*, 101 Idaho 703, 704, 620 P.2d 276, 277 (1980), we were furnished an appellants' brief with the identical shortcomings: "At the outset it should be observed that the appellants' brief is markedly lacking in compliance to the rules set down by this Court for appellate procedure." Nevertheless, the Court *sua sponte* raised an issue of lessor's negligence as the cause of insufficiency of the irrigation system, and on that issue predicated a reversal with directions to the trial court to make specific findings—all of this notwithstanding that the findings were totally sufficient, and were not challenged on the appeal. It should not be surprising that some may find the inconsistency in the Court's treatment of noncomplying briefs in the two cases a bit bewildering. In one case, *Lamb v. Robinson*, the appellants receive a mild rebuke but prevail with the Court's intervention—whereas in this case Jensen (actually his counsel) is chastised, and does not get heard on the merits.

A proper and just disposition here would reach the merits, but first, however, affording Doherty an opportunity to argue the merits in a supplemental brief. I have no trouble at all in seeing merit in the contention of respondent's counsel that he was greatly confused by the procedures taken by appellant's counsel, and by the latter's unfortunate choice of language in attempt-

ing to advise the trial court that Jensen was simply going to submit to a dismissal in order to appeal the correctness of the ruling on the validity of the easement.