714 P.2d 102

**CARRIER CLEARING SERVICES, a California corporation, Plaintiff-Appellant,**

v.

**ORE–IDA FOODS, INC., a Delaware corporation, Defendant-Respondent.**

No. 15491.

Court of Appeals of Idaho.

Feb. 6, 1986.

Petition for Review Denied March 31, 1986.

Kevin J. Holderness, Boise, for plaintiff-appellant.

Richard E. Hall (argued), Boise, and C. Wagahoff Dale, (appeared), for defendant-respondent.

Before HUNTLEY, Acting C.J., and SWANSTROM and TOWLES, Acting JJ., Special Panel.

ON REHEARING

HUNTLEY, Acting Chief Justice.

Carrier Clearing Services brought this action against Ore-Ida Foods, Inc., to recover payment on accounts assigned by Laughlin Lines, Inc., a trucking company, to Carrier Clearing. Carrier Clearing ap-

peals from the trial court's judgment in favor of Ore-Ida. We affirm.

Ore-Ida Foods, Inc. used Laughlin Lines as one of its truckers from 1979 to 1981. In 1980, Harley Laughlin, president of Laughlin Lines, applied for membership with Carrier Clearing Services, a factoring company which serves numerous transportation companies by purchasing their unpaid freight bills at a discount under assignment, and presenting them for payment to the account debtor. Laughlin Lines was accepted as a member of Carrier Clearing Services and executed a financing statement covering all accounts receivable assigned to Carrier Clearing.

Thereafter, Laughlin began assigning freight bills to Carrier Clearing for payment. When Ore-Ida Foods began to receive bills indicating that payment for shipments carried by Laughlin should be made directly to Carrier Clearing, Donald Fowle, traffic manager of Ore-Ida, telephoned Laughlin and informed him that Ore-Ida would not do business with a transportation company that used a factor.

Ore-Ida made two payments directly to Carrier Clearing Services following the assignment of accounts; however, because of Ore-Ida's objection to doing business with transportation companies which used factors, Carrier Clearing and Laughlin Lines agreed that Ore-Ida checks could be sent to the Laughlin Lines office.[1] Thereafter, with one possible exception, all Ore-Ida checks payable on Laughlin Lines freight were made payable to and mailed to Laughlin Lines. Laughlin Lines deposited Ore-Ida's checks in its account and then issued and forwarded its own checks to Carrier Clearing.

This case arose when Laughlin failed to timely forward payment received from Ore-Ida to Carrier Clearing, the unforwarded sums totaling $51,880.60 at time of trial.

In 1981 Laughlin Lines filed bankruptcy and Carrier Clearing brought action against Ore-Ida for payment of the accounts represented by the $51,880.60. The

district court found that Laughlin Lines' account assignment to Carrier Clearing was valid and that Ore-Ida had notice of the assignment. However, because the court further determined that Carrier Clearing had accepted payment from Laughlin Lines rather than from Ore-Ida without objection, it ruled that Carrie Clearing was estopped from asserting its rights as assignee and awarded judgment to Ore-Ida.

■ The sole issue on appeal is whether the district court erred in concluding that Carrier Clearing was estopped from bringing the action against Ore-Ida. We conclude that the doctrine of quasi estoppel applies, and affirm the trial court's judgment.

To constitute quasi estoppel, the person against whom the estoppel is sought must have gained some advantage for himself, produced some disadvantage to the person seeking the estoppel, or induced such party to change his position; in addition it must be unconscionable to allow the person against whom the estoppel is sought to maintain a position which is inconsistent with the one in which he accepted a benefit. *Dawson v. Mead,* 98 Idaho 1, 557 P.2d 595 (1976); *Tommerup v. Albertson's, Inc.,* 101 Idaho 1, 607 P.2d 1055 (1980).

In the instant case, the elements of quasi estoppel are met. Carrier Clearing and Laughlin Lines agreed to modify the assignment by (1) permitting Ore-Ida to mail checks directly to Laughlin Lines and not to Carrier Clearing; and (2) providing that Laughlin Lines would forward payment to Carrier Clearing. In making this modification, Carrier Clearing gained the advantage of continuing its business relationship with Laughlin Lines. Had the modification not taken place, there is evidence that Ore-Ida would not have continued to do business with Laughlin Lines because of its objection to doing business with a transportation company which used a factor. Because of the modification, however, Ore-Ida continued its business relationship with Laughlin

---

1. At trial there was a dispute between the parties as to whom the checks should be made payable.

Lines, and Laughlin Lines continued its business relationship with Carrier Clearing.

Carrier Clearing contends that the modification was not intended to permit Ore-Ida to make the checks payable to Laughlin Lines. Rather, Ore-Ida was to continue to make the checks payable to Carrier Clearing but merely *send* the checks to Laughlin Lines.

Ore-Ida's course of conduct subsequent to the modification reflected a different understanding of the terms of the modification. Ore-Ida not only *sent* its checks to Laughlin Lines but also made the checks *payable to* Laughlin Lines. Ore-Ida's conduct, while perhaps inconsistent with Carrier Clearing's intention in modifying the terms of its assignment agreement with Laughlin Lines, was nonetheless a reasonable interpretation of and response to the modification. Ore-Ida's course of conduct of sending checks payable to Laughlin Lines continued for substantially over a year. At no point did Carrier Clearing object to this course of conduct. If Ore-Ida's payments to Laughlin Lines were not deemed valid, Ore-Ida would be placed in the disadvantageous position of having made merely gratuitous payments to Laughlin Lines while continuing to owe payment to Carrier Clearing. Certainly, Ore-Ida's conduct was based on its reasonable understanding of the purpose and terms of the modification of the agreement between Laughlin Lines and Carrier Clearing.

Hence, Carrier Clearing received a benefit, the continued membership of Laughlin Lines in its organization, by agreeing to modify the terms of its assignment agreement with Laughlin Lines. While subsequent circumstances, including Laughlin Lines' bankruptcy, reflect the fact that Carrier Clearing may have made a poor business decision in arranging to keep Laughlin Lines as a member, the fact remains that *at the time the modification was made,* Carrier Clearing received a benefit.

■ Had there been no modification of the assignment agreement between Carrier Clearing and Laughlin Lines, Carrier Clearing would be able to recover payment from Ore-Ida as silence without affirmative conduct misleading the other party will not estop an assignee from recovering from an account debtor. *Bank of Commerce v. Intermountain Gas Co.,* 96 Idaho 29, 523 P.2d 1375 (1974). However, in the case at bar, the terms of the modification were, at best, ambiguous; the modification was an affirmative act; and, while Carrier Clearing may not have intended to mislead Ore-Ida into thinking it could make its checks payable to Laughlin Lines, that was nonetheless the actual and reasonable effect of the modification which induced Ore-Ida's course of conduct. Therefore, the modification coupled with Carrier Clearing's silence as to any objection it may have had to Ore-Ida's conduct, coupled further with the unconscionability of permitting Carrier Clearing to maintain a position which is inconsistent with the one in which it accepted a benefit, completes the elements of quasi estoppel which bar its claim.

The judgment of the trial court is affirmed.

Costs to respondent. No attorney fees.

SWANSTROM and TOWLES, Acting JJ., concur.