630 P.2d 159

**Hugo L. BOHL and Leah M. Bohl, husband and wife, Plaintiffs-Respondents,**

**v.**

**Thomas L. McLAUGHLIN and Sharon K. McLaughlin, husband and wife, Defendants-Appellants.**

**No. 13124.**

Supreme Court of Idaho.

June 26, 1981.

Everett D. Hofmeister, Coeur d'Alene, for defendants-appellants.

Samuel Eismann, Coeur d'Alene, for plaintiffs-respondents.

PER CURIAM:

Plaintiff respondents Hugo and Leah Bohl sought a court order requiring defendant appellants Tom and Sharon McLaughlin to vacate certain property owned by the

---

Bohls. The Bohls also sought repayment of some loans. Leah Bohl is Tom McLaughlin's mother. The McLaughlins answered and counterclaimed, seeking damages for unjust enrichment and imposition of a constructive trust upon the property.

The McLaughlins moved onto the Bohls' property in 1969. The McLaughlins contend that they lived on and improved the property in reliance upon their understanding that it was to become "family property." The Bohls contend that the parties' arrangement was merely temporary, and that the purpose of the arrangement was to permit the McLaughlins to work off some loans and live rent free on the property in exchange for improvements and maintenance.

After a trial, the district court, sitting without a jury, held for the Bohls in all respects. The court denied all of the McLaughlins' counterclaims and awarded the Bohls $4,475.85 for repayment of money loaned to the McLaughlins. The trial court also awarded attorney fees to the Bohls. We affirm the lower court in its entirety. Our review of the record discloses abundant evidence in support of the trial court's findings and conclusions.

The judgment of the district court is affirmed. Costs and attorney fees are awarded to respondents. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979).

BISTLINE, Justice, concurring and dissenting.

I concur in affirming, but once again am troubled with the award of attorney fees on appeal, done on the basis of the holding in *Minich v. Gem State Developers, Inc.*, 99

Idaho 911, 591 P.2d 1078 (1979), that I.C. § 12–121 attorney fees are recoverable on appeals, and on the Court's Rule 54(e)(1) which declares those circumstances which will trigger an award. I continue to doubt both the validity and wisdom of the *Minich* holding and the Court's promulgating of a procedural rule which so greatly modifies a substantive enactment of the legislature, in an area which belongs alone to the legislature. *See* dissenting opinions of Donaldson, J., and Bistline, J., in *Minich.*

Today the Court, performing much like a woman with her favors, chooses to pass out attorney fees, doing so at the expense of the losing appellant, and on the unstated basis that appellant's appeal is frivolous. Compare *Jensen v. Doherty*, 101 Idaho 910, 623 P.2d 1287 (1981), with *Lamb v. Robinson*, 101 Idaho 703, 620 P.2d 276 (1980). As stated in *Stilwell v. Weiser Iron Works, Inc.*, 66 Idaho 227, 157 P.2d 86 (1945), "[t]he rule, however, operates on the litigant who may not in any way be responsible for the oversight or inadvertence of counsel . . . ." *Id.* at 231, 157 P.2d at 88.

Frivolous the appeal was not, as there are readily observable inconsistencies in the trial court's findings of fact and conclusions of law.[1] While it is true that these were not brought to our attention as required by appellate rules of procedure, plainly the appellant appears to have had good cause to believe that he should seek relief at a higher level, and apparently so instructed his attorney.

---

[1]. For instance, the trial court awarded respondents the entire sum of money they had loaned appellants and which they claimed was still due. Yet it was acknowledged by everyone, including the trial court in its findings, that appellants moved onto the property under an arrangement whereby they would work out the sums they owed respondents by cleaning and fixing up the property. As stated in respondent's brief, "Mr. Bohl stated that he was out of money and would have to work one more year and, since Mr. McLaughlin owed him money, he told him he could work it out as labor on the property and live there rent free for a year."

Moreover, the trial court stated that appellants should not recover any money for labor performed because "there was no agreement that they should, in fact, recover any sum of money and no demand was made therefor." There is no requirement of proving an agreement in order to recover under the principles of unjust enrichment. *See Peavey v. Pellandini*, 97 Idaho 655, 551 P.2d 610 (1976).