579 F.Supp. 871 (1984)
David L. MASON, Plaintiff,
v.
ANHEUSER-BUSCH, INC., and Teamsters' Local No. 6, Defendants.
No. 83-2259C(2).
United States District Court, E.D. Missouri.
January 31, 1984.
Doris Gregory Black, St. Louis, Mo., for plaintiff.
*872 Stolar, Heitzmann, Eder, Seigel & Harris, H. Kent Munson, Irvin L. Ruzicka, St. Louis, Mo., for defendants.

MEMORANDUM
FILIPPINE, District Judge.
This matter is before the Court on defendants' motions to dismiss plaintiff's complaint. Defendants have filed memoranda in support of their motions. Plaintiff has made no response.
Plaintiff, a black male, brings this civil rights action in two counts. Count I is premised upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; Count II is brought pursuant to the Thirteenth Amendment to the United States Constitution and 42 U.S.C. § 1981. Although plaintiff's complaint is not a model of artful pleading, it appears that both counts thereof are centered around defendant Anheuser-Busch, Inc.'s discharge of plaintiff on February 20, 1977, and its refusal to rehire plaintiff on July 8, 1977. Liberally construed, plaintiff's complaint alleges that defendant Teamster's Local No. 6 ("Local No. 6") discriminated against him by failing to allow him to "cover" a check which was written as payment for union dues and which was returned unpaid. As a result of defendant Local No. 6's purported discriminatory failure, plaintiff alleges that he lost his membership in the union and was terminated from his employment with defendant Anheuser-Busch, Inc. Plaintiff also alleges that defendant Local No. 6's refusal to reinstate him as a union member was discriminatory. Finally, plaintiff seeks to represent a class of persons who have suffered and continue to suffer from similar alleged discriminatory actions on the part of defendants.
Defendants move to dismiss Count I for lack of jurisdiction in that plaintiff's complaint facially indicates that plaintiff filed this action more than 90 days after he received Notification of Right to Sue from the Equal Employment Opportunity Commission.
In paragraph two of his complaint, plaintiff alleges that he received his Right to Sue letter on June 7, 1983. Plaintiff's complaint was filed on September 21, 1983, clearly more than 90 days after receipt of the Right to Sue letter. Although this Court believes that Title VII's 90-day filing requirement is not jurisdictional and thus subject to equitable tolling, see Zipes v. Trans World Airlines, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), plaintiff has advanced no basis for tolling the 90-day period. Accordingly, because plaintiff failed to file this action within 90 days of the date he received his Right to Sue letter, Count I of plaintiff's complaint will be dismissed without prejudice.
Defendants move to dismiss Count II on the grounds that (1) plaintiff's claim under the Thirteenth Amendment fails to state a cause of action and (2) plaintiff's action under 42 U.S.C. § 1981 is barred by the applicable statute of limitations.
The Court need not decide whether Count II states a claim under the Thirteenth Amendment because the Court finds that Missouri's five-year statute of limitations, Mo.Rev.Stat. § 516.120, is applicable to and bars both plaintiff's § 1981 and Thirteenth Amendment claims. This section provides in pertinent part:
Within five years:
(1) All actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110, and except upon judgments or decrees of a court of records, and except where a different time is herein limited;
(2) An action upon a liability created by statute other than a penalty or forfeiture;
....
(4) An action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated;
The Eighth Circuit has specifically held that a § 1981 action properly fits the description *873 of one or more of these subdivisions of § 516.120. Drake v. Southwestern Bell Telephone Company, 553 F.2d 1185, 1188 (8th Cir.1977); See also Allen v. Amalgamated Transit Union Local 788, 554 F.2d 876, 880 (8th Cir.1977), cert. denied, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977). This Court believes that plaintiff's Thirteenth Amendment claim clearly falls within subdivision (1) or (3) of § 516.120 as being an action upon an "obligation or liability," subd. (1), or an action for "any other injury to the person or rights of another," subd. (4).
Because plaintiff's allegations are grounded upon actions occurring in 1977, plaintiff's action, filed in 1983, is barred by the applicable statute of limitations and will be dismissed without prejudice.[1]
NOTES
[1] Although plaintiff alleges that defendants continue to discriminate against the class of similarly situated persons that he seeks to represent, plaintiff is precluded from being a member of such a class because his action is time-barred. See, e.g., Wetzel v. Liberty Mutual Insurance Company, 508 F.2d 239 (3rd Cir.1975), cert. denied 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). Thus, plaintiff cannot represent said class. Rules 17(a) and 23(a), Fed.R.Civ.P.; 7 Wright & Miller, Federal Practice and Procedure § 1761.