

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2008

# Hernandez v. Palackovich

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2060

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hernandez v. Palackovich" (2008). *2008 Decisions.* Paper 514.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/514

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2060
_____

CLAUDIO HERNANDEZ,

Appellant

v.

JOHN A. PALAKOVICH, Superintendent; SCI-SMITHFIELD MEDICAL
DEPARTMENT; DR. RONALD LONG, M.D.; GEORGE WEAVER, Health Care
Adm.; HOLY SPIRIT HOSPITAL; JOHN DOE, Doctor/Surgeon;
DEPUTY SUPERINTENDENT KORMANIC

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 05-cv-01655)
District Judge: Honorable Yvette Kane
_____

Argued January 14, 2008

Before: FUENTES, JORDAN, <u>Circuit Judges</u>, and RUFE,[*] <u>District Judge</u>.

(Filed:  September 19, 2008)

Enrique Armijo (Argued)
Covington & Burling

_____

 [*] Honorable Cynthia M. Rufe, District Judge for the United States District Court
for the Eastern District of Pennsylvania, sitting by designation.

1201 Pennsylvania Avenue, N.W.
Washington, DC 20004

Counsel for Appellant

William E. Fairall, Jr. (Argued)
Pennsylvania Department of Corrections
Office of Chief Counsel
55 Utley Drive
P.O. Box 598
Camp Hill, PA 17011

Counsel for Appellees John A. Palakovich, George Weaver and Deputy
Superintendent Kormanic

Kathryn M. Kenyon (Argued)
Bryan K. Shreckengost
Pietragallo, Bosick & Gordon
301 Grant Street
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219

Counsel for Appellee Dr. Ronald Long, M.D.

Aaron S. Jayman (Argued)
Thomas M. Chairs
Dickie, McCamey & Chilcote
1200 Camp Hill Bypass
Suite 205
Camp Hill, PA 17011

Counsel for Appellee Holy Spirit Hospital

---

OPINION OF THE COURT

---

FUENTES, Circuit Judge.

Claudio Hernandez, a partially blind prisoner in Pennsylvania, filed a *pro se* §

1983 complaint against several correctional facility officials, medical personnel and Holy Spirit Hospital alleging that the defendants violated his constitutional rights under the Eight Amendment by knowingly mistreating an eye condition and refusing to perform a recommended surgery that could have saved his sight. When Hernandez failed to respond to the Defendants' motions to dismiss for failure to state a claim, the District Court dismissed Hernandez's *pro se* complaint under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. We conclude that because the District Court regarded Hernandez's failure to oppose the Defendants' motions to dismiss as a violation of Federal Rule of Civil Procedure 41(b), and accordingly dismissed his complaint, it could not do so without evaluating the balancing factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).[1] Failure to do so was an abuse of discretion. Accordingly, we will vacate the District Court's judgment and remand for further proceedings consistent with this opinion.[2]

## I.

Hernandez is incarcerated at the State Correctional Institution Smithfield ("SCI-

---

[1] In Poulis we set forth six factors that district courts must balance in dismissing an action for failure to prosecute. 747 F.2d at 868. As we discuss in further detail below, the factors examine, among others, the culpability and bad faith of the defaulting party, prejudice to the non-defaulting party and the meritoriousness of claims or defenses.

[2] We pause to express our appreciation to *pro bono* counsel on appeal, Mr. Enrique Armijo of Covington & Burling, who has provided excellent legal representation. Our outcome is due, in no small measure, to Mr. Armijo's commitment of time and effort and his professionalism on behalf of his client.

Smithfield") in Huntingdon, Pennsylvania.  In March 2004, pursuant to the referral of an SCI-Smithfield physician, Dr. Ronald Long, the prison sent Hernandez to Holy Spirit Hospital in Harrisburg, Pennsylvania for a routine cataract surgery on his left eye that was performed by an unknown surgeon.[3]  The eye did not heal properly and Hernandez had a number of follow-up visits where several different types of eye drops were applied to the affected eye, proving futile.  During his last visit at Holy Spirit, a specialist informed Hernandez that his left eye was losing coloration, would become smaller than the other eye, was no longer useful and would have to be removed.  Hernandez was then referred to another specialist who prescribed a special set of glasses to protect his then healthy right eye.  In his notice of appeal, Hernandez asserts that these special glasses were never provided to him.  The facts concerning these glasses were not developed in the District Court.

Six months after his appointment with the specialist, Hernandez was taken to Blair County Hospital ("Blair County") with an eye infection.  Dr. John Batissan, a physician at Blair County, prescribed penicillin for the infection and informed Hernandez that his left eye needed to be removed.  In the following months, Hernandez was prescribed another type of eye drops by an unknown doctor and was also seen by a different Blair County physician, Dr. John Schietroma, who recommended surgery to remove only the lens and

---

[3] For the purposes of this appeal, we take the allegations of the complaint as true, but we emphasize that they are only allegations. Nothing in our discussion of the factual background of the case should be understood as intimating any conclusion about the accuracy of the allegations or the merits of the case.

pupil of the left eye, which might have saved his vision if performed timely. Before the surgery could take place, SCI-Smithfield officials asked Hernandez to sign a waiver of liability. Hernandez refused to sign the form without being provided counsel to review the form and, therefore, the SCI-Smithfield officials refused to permit the surgery. The facility officials concede that this surgery never occurred, but cite Hernandez's failure to sign the waiver of liability as justification. Hernandez has since completely lost his eyesight in his left eye, and his vision in his right eye has begun to deteriorate.

In August 2005, after exhausting his administrative remedies, Hernandez brought a *pro se* claim under 42 U.S.C. § 1983 against several correctional facility officials, Superintendent John Palakovich, Deputy Superintendent Victoria Kormanic, and Health Care Administrator George Weaver; the SCI-Smithfield contract doctor, Ronald Long; the SCI-Smithfield medical department; Holy Spirit Hospital; and an unidentified physician from Holy Spirit Hospital (collectively, the "Defendants"). He alleged that the Defendants violated the cruel and unusual punishment clause of the Eighth Amendment by knowingly mistreating his eye condition and refusing to perform a recommended surgery that could have saved his eyesight. He also asserted claims of medical malpractice, negligence and intentional infliction of emotional distress under state tort law. Hernandez sought compensatory and punitive damages as relief. At the time the complaint was filed, Hernandez received a copy of the District Court's Standing Practice Order, which informs *pro se* litigants of their responsibilities, including the time limits for

5

motions and briefs pursuant to the Local Rules.

Hernandez accompanied his complaint with a motion for appointment of counsel, stating that he is a Hispanic male with limited English skills and "without legal knowledge to represent himself." (App. 37.) The motion also stated that the petition and "civil action" had not been prepared by Hernandez, but rather by another inmate, and that assistance beyond this petition would not be provided. (App. 37.) In December 2005, the Defendants filed separate motions to dismiss the complaint under Rule 12(b)(6). On December 12 and 14, 2005,[4] Hernandez moved for an extension of time to respond to the Defendants' motions to dismiss, asserting his limited understanding of English and limited access to the institutional law library. The motion for an extension of time also noted that the District Court had not ruled on the motion for appointment of counsel, and attached a letter from a "concerned inmate" stating that he was helping Hernandez because of his lack of understanding of English, but he would not be able to provide further assistance to Hernandez due to his fear of sanctions by prison officials. (App. 57.)

On January 17, 2006, the District Court granted Hernandez's motion for extension until February 10, 2006 but did not rule on his motion for appointment of counsel. In a separate order on January 20, 2006, the District Court denied the first motion for appointment of counsel, finding that Hernandez had not demonstrated that he was incapable of presenting comprehensible arguments and that the general rule of liberal

---

[4] The record reflects that Hernandez filed two identical motions for extension of time two days apart but served each one to selective defendants.

construction of *pro se* pleadings went against appointment. The District Court noted that "[i]n the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by [Hernandez]."[5] (App. 65.)

On January 31, 2006, Phillip Quinn, a prisoner at SCI-Smithfield, filed a separate letter, identifying himself as the individual who had filed the complaint on behalf of Hernandez. Quinn stated that Hernandez was not "the person answering and filing the petitions that are brought before [the District Court] and that [he was] the person who filed the petition for Hernandez." (App 67.) In his letter, Quinn requested appointment of counsel stating that Hernandez was unable to speak or understand English well and could not respond due to blindness in one eye and diminishing eyesight in the other. Quinn also noted that he had responded and answered all of the court's notices but that he could not do so any longer due to disciplinary reprimands. He further stated that, without assistance, Hernandez would not be able to meet the February 10, 2006 deadline.

On February 28, 2006, the District Court granted the Defendants' motions to dismiss, without addressing the merits of Hernandez's complaint. The District Court noted that Hernandez failed to file an opposing brief within the allotted time and failed to request an extension of time. Based on Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d

---

[5] In the event Mr. Armijo is unable to continue representation of Hernandez, we recommend that Hernandez file a new motion for appointment of counsel which the District Court should review pursuant to Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993).

Cir. 1991), the District Court found that Hernandez had received adequate warnings of the sanction of dismissal for failure to file an opposing brief and failed to do so. Relying on one of its local rules of practice, the District Court "grant[ed] the Defendants' unopposed motions to dismiss . . . without a merits analysis" and dismissed the complaint without prejudice "for failure to comply with a Court Order." (App. 24.) The District Court then directed the clerk of court to "close th[e] case." (App. 24-25.) Hernandez filed a timely notice of appeal and we subsequently appointed counsel.[6] On November 6, 2006, this Court, *sua sponte*, ordered the parties to address "whether this Court may affirm the District Court's order entered February 28, 2006, although the District Court did not address the factors set forth in <u>Poulis v. State Farm Fire Casualty Co.</u>, 747 F.2d 868 (3d Cir. 1984)." 11/2/06 Order, Hernandez v. Palackovich, et al., No. 06-2060 (3d Cir. Nov. 2, 2006).

## II.

On appeal, Hernandez argues that, under the circumstances of this case, the District Court erred in treating the Defendants' motions to dismiss as if they were unopposed and dismissing the case. We agree.

In its order dismissing the case, the District Court explicitly stated that it had not analyzed whether the complaint stated a claim. Instead, the Court pointed out that Hernandez had not filed briefs in opposition to the Defendants' motions to dismiss before

---

[6] The District Court had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

8

the deadline set forth in the Court's order granting Hernandez's motion for an extension

of time. Thus, it is clear that the District Court dismissed Hernandez's complaint as a

sanction for failure to follow a court order, not for failure to state a claim.[7] Before

dismissing a case as a sanction for failure to follow a court order, however, courts are

required to consider the factors set forth in Poulis v. State Farm Fire and Casualty Co.,

747 F.2d 863 (3d Cir.1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the
> adversary caused by the failure to meet scheduling orders and respond to
> discovery; (3) a history of dilatoriness; (4) whether the conduct of the party
> or the attorney was willful or in bad faith; (5) the effectiveness of sanctions
> other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

Id. at 868 (emphases omitted).[8]

---

[7] The District Court's dismissal order cited Federal Rule of Civil Procedure 41(b), which states that a court may dismiss an action upon the motion of a defendant if the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). Although the Defendants did not move to have the case dismissed under Rule 41(b), the District Court had inherent power to dismiss the case *sua sponte* for failure to follow its orders. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

[8] We note that Poulis involved dismissal of a suit with prejudice, 747 F.2d at 865, while the District Court in this case expressly stated that the dismissal of Hernandez's complaint was without prejudice. (App. 24.) However, given that the acts and omissions at issue allegedly took place in late 2004 and January 2005 (App. 29), and given that the applicable statute of limitations is two years for a § 1983 suit alleging personal injuries in Pennsylvania, Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000); 42 Pa.C.S.A. § 5542, it is clear that the effect of the District Court's order at this point is likely to be the same as a dismissal with prejudice, since Hernandez will—in the absence of equitable tolling—be prevented from filing his case again if the District Court's order is upheld. Consequently, we need not and do not opine on whether a Poulis analysis is required whenever a complaint is dismissed without prejudice. It is sufficient to note that it is required here,

While not all of the factors need to weigh against a plaintiff to warrant dismissal, Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988), the District Court must still address each of the factors. United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 162 (3d Cir. 2003) ("[W]e have always required consideration and balancing of *all six* of the factors ... ."). This Court's role on appeal is limited to making sure that the District Court properly balanced the Poulis factors and that the record supports its findings. See Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989). Consequently, we have held that the failure of a district court to consider the Poulis factors prior to dismissing a claim constitutes an abuse of discretion, requiring a remand. Id. ("[T]he district court simply did not undertake any Poulis balancing . . . [and] we do not undertake this task here as it would require factual findings not within the parameters of our review."). Here, the District Court dismissed the case for failing to file a responsive brief prior to the deadline set by the Court—in other words, it dismissed the case as a sanction for failure to prosecute—but did not analyze the Poulis factors. The dismissal was

where a *pro se* litigant's right to bring suit may well be irretrievably lost if the dismissal stands. Cf. Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004) ("Although the dismissal was, strictly speaking, 'without prejudice,' if affirmed it would likely prove fatal to Wynder's claims: as ... the statute of limitations has run on most, if not all, of his various causes of action. Under the circumstances, then, Wynder's ability to seek vindication in federal court on these claims depends on whether or not we reinstate his complaint."); Wright & Miller, Federal Practice & Procedure: Civil 3d § 2369, at 603-08 (Reviewing law on dismissals under Federal Rule of Civil Procedure 41(b) and noting that "Appellate courts may be equally scrutinizing when the district court dismisses a case 'without prejudice' but the dismissal, due to the operation of the applicable statute of limitations, has the effect of a dismissal with prejudice.").

10

therefore improper.[9]

In so holding, we reject the Defendants' argument that the District Court's dismissal was permissible under Middle District of Pennsylvania Rule 7.6, which states that the court will treat as unopposed any motion that is not responded to before the filing deadline. We rejected the same argument in Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991), in which we reversed a dismissal that was imposed solely on the basis that the plaintiff violated a local rule requiring parties to respond to motions to dismiss. We reasoned in that case that "if a motion to dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint has failed to state a claim upon which relief may be granted. Rather, it is dismissed as a sanction for failure to comply with the local court rule." Id. at 30.

The Defendants nevertheless latch on to language from Stackhouse that suggests that a district court might properly invoke a local rule and treat a motion to dismiss as unopposed when "a party fails to comply with the rule after a specific direction to comply from the court." Id. The Defendants argue that the District Court's order granting

---

[9] We do not mean to suggest that the District Court could not have dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; on that point we intimate no opinion at all. Cf. Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 178 (3d Cir. 1990) ("We have never held . . . that consideration of Poulis type factors is required before a court enters a summary judgment on an uncontested Rule 56 motion . . . ."). But the District Court did not dismiss for failure to state a claim and, indeed, expressly stated that its dismissal was not based upon the merits of the complaint. (App. 24 ("[T]he Court will grant the Defendants' unopposed motions to dismiss . . . without a merits analysis . . . .").)

11

Hernandez's motion for an extension of time, which directed him to file a responsive brief on or before February 10, 2006, combined with the Court's notifying Hernandez of the requirements of the local rules at the time he filed his complaint, together, constitute a "specific direction to comply" with the filing requirements set forth in Local Rule 7.6. Thus, say the Defendants, the Court acted within its discretion to dismiss the case when Hernandez failed to file a responsive brief by February 10, 2006.

The argument is flawed. As an initial matter, the Defendants' characterization of the District Court's actions in this case as a "specific direction to comply" with the District Court's local rule is questionable. More importantly, though, we decline to adopt an interpretation of Stackhouse under which a district court may dismiss a case solely because a plaintiff misses a briefing deadline set forth in a local rule or court-ordered briefing schedule. A history of dilatoriness is one of the Poulis factors, but there are five other factors. Poulis, 747 F.2d at 868. Stackhouse cannot stand for the proposition that a district court may dismiss a case without considering the Poulis factors whenever a plaintiff fails to comply with a briefing deadline; if that were the import of Stackhouse, it would contradict our clear precedent requiring district courts to consider all of the Poulis factors before imposing the sanction of dismissal.[10] See, e.g., Comdyne I, Inc. v. Corbin,

_____

[10] Even if it were proper to consider dilatoriness in isolation, we are skeptical that missing a local rule's briefing deadline, a deadline that had been extended once by court order, can fairly be called a "history of dilatoriness." Ordinarily some explicit warning of impending dismissal is given to a litigant, along with an opportunity to adjust behavior, before the sanction of dismissal is imposed. A party should at least be given the opportunity to explain any dilatory conduct, consistent with our recent statement in

12

908 F.2d 1142, 1148 (3d Cir. 1990) (noting that this circuit applies the Poulis analysis in "all sanctions orders which deprive a party of the right to proceed with or defend against a claim").

For these reasons, we will vacate the District Court's dismissal and remand for further proceedings.[11]

---

Briscoe v. Klaus, __ F.3d __, 2008 U.S. App. LEXIS 16612, at *28-*29 (3d Cir. Aug. 6, 2008), in which we emphasized that where a court has an insufficient factual basis to conduct a proper Poulis analysis, it is an abuse of discretion not to permit a litigant a "full and fair opportunity" to be heard.

[11] In assuming jurisdiction over this appeal, we reject Appellee Long's argument that we lack jurisdiction because the District Court dismissed the case without prejudice. In support of his argument, Long cites Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976), in which we held that a dismissal of a complaint without prejudice for failure to state a claim was not a final, appealable order unless the plaintiff "cannot amend or declares his intention to stand on his complaint." Id. at 951-52. However, a dismissal for failure to prosecute, whether with or without prejudice, is a final, appealable order. See Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1151 (10th Cir. 2007) ("Because the court's order [dismissing without prejudice for failure to prosecute] closed the case, it is appealable."); Wynder, 360 F.3d at 76 ("We have jurisdiction to consider [a challenge to a Rule 41(b) dismissal] because a dismissal without prejudice that does not give leave to amend and closes the case is a final, appealable order under 28 U.S.C. § 1291."); Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984) (holding that a district court's order dismissing an action without prejudice for failure to prosecute is appealable); Drake v. Sw. Bell Tel. Co., 553 F.2d 1185, 1186 (8th Cir. 1977) ("An order dismissing a cause of action for want of prosecution, whether with or without prejudice, terminates the action and, therefore, constitutes a final and appealable order."); cf. United States v. Wallace & Tiernan Co., 336 U.S. 793, 794 n.1 (1949) ("That the dismissal was without prejudice to filing another suit does not make the cause unappealable, for denial of relief and dismissal of the case ended this suit so far as the District Court was concerned.").

13